Opinion issued January 27, 2015



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-13-00869-CV

———————————

**TOWN & COUNTRY SUITES, L.C., Appellant**

**V.**

**HARRIS COUNTY APPRAISAL DISTRICT, Appellee**

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-55900**

## O P I N I O N

On July 1, 2014, we issued an opinion in this case. Appellee HCAD filed a motion for rehearing. We deny the motion but withdraw our opinion and judgment of July 1 and issue this opinion and accompanying judgment in their stead. Our disposition of the case remains unchanged.

This is an appeal from a property valuation dispute between the Harris County Appraisal District and Town & Country Suites, L.C., the owner of the property being appraised for tax purposes. In two issues, Town & Country contends that the trial court erred by granting HCAD's plea to the jurisdiction because (1) a newly enacted Tax Code provision permits Town & Country to amend the pleadings appealing an appraisal determination to correct a misidentification[1] of the property owner and, alternatively, (2) the naming error in this case should be considered misnomer instead of misidentification.

Because recent amendments to the Tax Code compel the conclusion that the trial court did not lack subject matter jurisdiction, we reverse and remand.

## Background

John Sheehan, Robert Gowan, and Barden Patterson formerly owned the property that is the subject of this tax valuation dispute. On November 12, 1997, the three conveyed their property to Town & Country.

When HCAD issued its annual notice of the property's appraisal value in 2012, a notice of protest was filed, not by Town & Country (the current owner of the property), but by "Gowan Sheenan & Patterson" (a grouping of the individual, prior owners' last names, though with a spelling error). The Harris County

---

[1] Misidentification occurs when a pleading lists as a party to the litigation the wrong individual or entity; on the other hand, misnomer occurs when the proper party is included in the suit but listed with an incorrect name. *See Reddy P'ship/5900 N. Fwy. L.P. v. Harris Cnty. Appraisal Dist.*, 370 S.W.3d 373, 376–77 (Tex. 2012).

2

Appraisal Review Board responded with an Order Determining Protest, addressed to "Gowan Sheenan & Patterson," notifying "[t]he above property owner" of the property's assigned valuation. "Sheenan Gowan and Patterson Gowan"—another variation of the prior owners' last names, again with a spelling error—filed an appeal of that decision in district court.

The parties agree that "Sheenan Gowan and Patterson Gowan" is a misnomer for "Gowan Sheenan & Patterson" and that the filing by one has the same legal effect as a filing in the name of the other. Thus, for the purpose of this appeal, the party that filed the protest also appealed the Board decision. But that party was not the current owner, Town & Country. There is no dispute that the property was correctly identified in the appeal.

HCAD answered the Gowan suit. Seven months later, HCAD filed a plea to the jurisdiction and attached a copy of the 1997 warranty deed listing Town & Country as the property owner. HCAD contended that the trial court lacked subject matter jurisdiction and was required to dismiss the suit because the true property owner—Town & Country—had not filed an appeal within the 60-day limitations period, as required by section 42.21(a) of the Tax Code. *See* TEX. TAX CODE ANN. § 42.21(a) (West Supp. 2014). Town & Country responded that "Gowan Sheenan and Patterson" had been listed on the HCAD appraisal rolls as the property owner "for at least 15 years" and that it mistakenly filed suit under the Gowan name due

3

to HCAD's record error. Town & Country attempted to correct the error by filing an amended petition naming Town & Country as the property owner.

HCAD filed a second plea to the jurisdiction, arguing that an amendment to identify a different entity as the property owner is not permitted. According to HCAD, the trial court never "acquire[d] subject-matter jurisdiction and the [Board]'s determination became final" because the property owner was not the party that pursued the appeal within the statutory deadline. HCAD again requested dismissal of the suit.

Town & Country responded by alerting the trial court to an amendment to section 42.21 of the Tax Code, which Town & Country argued changed the law to allow the trial court to retain jurisdiction despite the naming error. *See* TEX. TAX CODE ANN. § 42.21(h) (West Supp. 2014) (effective June 14, 2013). Alternatively, Town & Country argued that the error should be viewed as a misnomer, which may be corrected by amendment and does not require dismissal. TEX. TAX CODE ANN. § 42.21(e).

The trial court granted HCAD's plea to the jurisdiction. Town & Country timely appealed.

## Standards of Review

**A.    Pleas to the jurisdiction and standing**

A plea to the jurisdiction challenges the trial court's subject matter jurisdiction to hear a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Pineda v. City of Houston*, 175 S.W.3d 276, 279 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Standing is a component of subject matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex. 1993). Subject matter jurisdiction is essential to the authority of a court to decide a case and is never presumed. *Id.* at 443–44.

The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *Id.* at 446; *Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 839 (Tex. 1967). The existence of subject matter jurisdiction is a question of law. *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). Therefore, we review de novo the trial court's ruling on a plea to the jurisdiction. *Mayhew*, 964 S.W.2d at 928.

Town & Country argues that the 2013 amendment to section 42.21 of the Tax Code has changed the law on subject matter jurisdiction concerning the

standing of misidentified property owners. We, therefore, consider the standard of review for statutory construction as well.

## B.     Statutory construction

We review issues of statutory construction de novo. *Loaisiga v. Cerda*, 379 S.W.3d 248, 254–55 (Tex. 2012). The Texas Supreme Court has repeatedly held that when courts construe statutes, they should start with the text because it is the best indication of the Legislature's intent. *See Fresh Coat, Inc. v. K–2, Inc.*, 318 S.W.3d 893, 901 (Tex. 2010); *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S. Ct. 1146, 1149 (1992) (quoting *Rubin v. United States*, 449 U.S. 424, 430, 101 S. Ct. 698, 701 (1981)). A court should interpret a statute by reference to its language alone when it can do so. *Fresh Coat*, 318 S.W.3d at 901. Courts, however, are not confined to isolated statutory words or phrases; instead they review the entire act to determine legislative intent. *Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 90 (Tex. 2001); *City of Houston v. Hildebrandt*, 265 S.W.3d 22, 25 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).

## Subject Matter Jurisdiction

Neither party disputes that the property that is the subject of the HCAD valuation was correctly identified. Instead, the dispute is whether the correct entity pursued the appeal of the HCAD valuation and, if not, whether a procedural mechanism exists under the Tax Code to correct the misidentification and avoid dismissal for lack of subject matter jurisdiction.

Chapter 41 of the Tax Code permits property owners to protest the appraised value of their property to their local Board. *See* TEX. TAX CODE ANN. §§ 41.41–.47 (West 2008 & Supp. 2014). Chapter 42 grants the right to seek judicial review of an adverse decision by the Board on a protest. *See* TEX. TAX CODE ANN. §§ 42.01–.031 (West 2008 & Supp. 2014). Section 42.01 provides that a "property owner is entitled to appeal . . . an order of the appraisal review board determining . . . a protest by the property owner . . . ." TEX. TAX CODE ANN. § 42.01(a)(1)(A) (West Supp. 2014). "Rights under the Code are premised upon ownership of the property at issue." *KM–Timbercreek, L.L.C. v. Harris Cnty. Appraisal Dist.*, 312 S.W.3d 722, 726 (Tex. App.—Houston [1st Dist.] 2009, no pet.). With a few specifically enumerated exceptions not applicable here, the property owner is the only entity with standing to appeal a Board decision to the district court. *Id.* at 726–27; *Tourneau Hous., Inc. v. Harris Cnty. Appraisal Dist.*, 24 S.W.3d 907, 909 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

**A.    Pre-2011 law concerning misidentified property owners and subject matter jurisdiction over their appeals**

Before 2011, both this Court and the Fourteenth Court of Appeals consistently held that misidentification of a property owner in an appeal of a Board decision required dismissal for lack of subject matter jurisdiction if the statutory limitations period had expired and the true property owner was not yet a party to the appeal. *See, e.g.*, *Timbercreek*, 312 S.W.3d at 729; *GSL Welcome BP 32 L.L.C. v. Harris Cnty. Appraisal Dist.*, No. 01-10-00189-CV, 2010 WL 4484361, at *3 (Tex. App.—Houston [1st Dist.] Nov. 10, 2010, no pet.) (mem. op.) ("The Tax Code procedures for adjudicating a property-tax valuation protest are the exclusive remedies available to property owners. . . . If no proper party seeks judicial review of the board's decision . . . within the statutory time period, the trial court does not acquire subject-matter jurisdiction over the protest, and the [Board's] valuation becomes final when the statutory time period expires."); *Woodway Drive L.L.C. v. Harris Cnty. Appraisal Dist.*, 311 S.W.3d 649, 652–53 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (same).

Thus, misidentification required dismissal. Misnomer, on the other hand, did not. *See Reddy P'ship/5900 N. Fwy. L.P. v. Harris Cnty. Appraisal Dist.*, 370 S.W.3d 373, 376–77 (Tex. 2012).

8

**B.     2011 amendments to Tax Code analyzed**

In 2011, the Legislature amended the Tax Code to add section 42.016, which allows a person who owned the property during the applicable tax year to intervene in an on-going appeal and have standing. TEX. TAX CODE ANN. § 42.016 (West Supp. 2014); *Storguard Invs., L.L.C. v. Harris Cnty. Appraisal Dist.*, 369 S.W.3d 605, 613 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

In *Storguard*, this Court held that a property owner could "rely upon another person's completion of the administrative protest process instead of requiring that the party seeking intervention personally exhaust its administrative remedies," as had been required under pre-2011 law. *Storguard*, 369 S.W.3d at 613. The intervention was allowed only if the person who initially protested and appealed the decision had standing independent of the intervening property owner's standing. *See id.* at 613–15.

The property owner in *Storguard* argued that another Tax Code amendment, found in section 41.44, could provide that standing. *See id.* at 614. Section 41.44(e) states as follows:

> [A] notice of protest may not be found to be untimely or insufficient based on a finding of incorrect ownership if the notice: (1) identifies as the property owner a person who is, for the tax year at issue: . . . (B) the person shown on the appraisal records as the owner of the property, if that person filed the protest; . . . or (2) uses a misnomer of a person described by Subdivision (1).

TEX. TAX CODE ANN. § 41.44(e) (effective September 1, 2011).

9

This Court explained the new provision as follows:

> This statute allows a . . . previous owner of the property who is still listed as the record owner in the appraisal records to administratively protest the property's initial appraised value, which then provides the basis for a person in [the current property owner]'s position to take advantage of this protest process and intervene in the judicial review proceeding at a later date.

*Storguard*, 369 S.W.3d at 613. Nonetheless, this Court held that the *Storguard* property owner was unable to take advantage of section 41.44(e) because that provision's effective date (September 1, 2011) was after the date on which the challenged protest had been filed. *Id.* at 614. As a result, the previous property owner did not have standing to protest the appraisal or seek judicial review of that decision, the trial court lacked subject matter jurisdiction over its appeal, and the true property owner did not have a suit in which to properly intervene. *Id.* at 614–15.

Using a similar rationale, this Court also rejected the *Storguard* property owner's alternative argument that it had standing because section 42.21(e) allows amendment of a petition for review to "correct or change the name of a party." *Id.* at 614. That provision applies only to petitions for review that have been timely filed under Chapter 42. *See id.* The protest and petition for review in *Storguard* could not be considered "timely filed" because they were submitted by a party without standing due to the inapplicability of the new section 41.44(e) provision.

10

*Id.* Thus, this Court concluded that the property owner could not rely on section 42.21(e) to establish standing.

As *Storguard* demonstrates, the 2011 amendments to the Tax Code provided property owners new avenues for avoiding dismissal based on a lack of standing, though the property owner in that particular case was unable to avail itself of both amendments due to their effective dates.

## C.     2013 amendment to section 42.21

The Tax Code was amended again in 2013 to add subsection (h) to section 42.21. It states as follows:

> (h) *The court has jurisdiction over an appeal* under this chapter *brought on behalf of a property owner* or lessee . . . *regardless of whether the petition correctly identifies the plaintiff as the owner* or lessee of the property or correctly describes the property so long as [1] the property was the subject of an appraisal review board order, [2] the petition was filed within the period required by Subsection (a), and [3] the petition provides sufficient information to identify the property that is the subject of the petition. *Whether the plaintiff is the proper party to bring the petition . . . must be addressed by means of a special exception* and correction of the petition by amendment as authorized by Subsection (e) *and may not be the subject of a plea to the jurisdiction . . . .* If the petition is amended to *add a plaintiff*, the court on motion shall enter a docket control order to provide proper deadlines in response to the addition of the plaintiff.

TEX. TAX CODE ANN. § 42.21(h) (effective June 14, 2013) (emphasis added).

Town & Country argues that section 42.21(h) was added to allow judicial review of tax appraisals when a protest and appeal have been filed that correctly

identify the property but misidentify the property owner. Town & Country also argues that the legislative history for the 2013 amendment supports its contention.

HCAD argues that this section does not apply to cases of misidentification but is, instead, strictly limited to cases of misnomer, meaning that the actual property owner has appealed but is listed under the wrong name. HCAD argues that any other reading would create constitutional standing issues and that there is no indication the Legislature "meant to overturn the many judicial opinions requiring a property owner to bring suit," such as *Timbercreek*, 312 S.W.3d 722.

Town & Country replies that HCAD's interpretation of the statute—limiting it to cases of misnomer—would "strip 42.21(h) of all utility, essentially eviscerating any remedial promise held by the rule."

The 2013 amendment to section 42.21 has not been subject to judicial review. Whether the 2013 amendment allows subject matter jurisdiction over tax suits involving misidentification is a question of first impression. We construe the statute in accordance with established rules of statutory construction.

**D.      Section 42.21 is not limited to cases misnomer**

**1.      The statute's plain language indicates that something other than the misnaming of a single party is being addressed**

Section 42.21(h) concerns appeals that have been "brought on behalf of" a property owner. TEX. TAX CODE ANN. § 42.21(h). Two other subsections of Section 42.21, by comparison, refer to petitions "filed by an owner." TEX. TAX

12

CODE ANN. § 42.21(f), (g). We presume that every word of a statute has been included or excluded for a reason. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003); TEX. GOV'T CODE ANN. § 311.021(2) (West 2013). Thus, the use of the phrase "brought on behalf of a property owner" signifies that the Legislature was contemplating jurisdiction over suits that were not brought by the property owner directly. This is contrary to HCAD's interpretation of the amendment, seeking to limit subject matter jurisdiction to cases in which the correct entity sued but was merely misnamed.

Additionally, section 42.21(h) provides that there is subject matter jurisdiction "regardless of whether the petition correctly *identifies* the plaintiff as the owner or lessee of the property." TEX. TAX CODE ANN. § 42.21(h) (emphasis added). When construing a statute, we will honor its plain language unless its meaning is ambiguous or such an interpretation would lead to absurd results. *Combs v. Health Care Servs. Corp.*, 401 S.W.3d 623, 630 (Tex. 2013). In doing so, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (West 2013). Further, we assume the Legislature purposefully selected one word over the other. *See Old Am. Cnty. Mut. Fire Ins. Co. v. Sanchez*, 149 S.W.3d 111, 115 (Tex. 2004) ("[W]e presume that every word of a statute has been included or excluded for a reason . . . .").

13

The Legislature chose to include the term "identifies" instead of "names." The term "names" is generally associated with misnomer, while "identifies" is linked with the concept of misidentification. *Compare In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) ("A misnomer occurs when a party misnames itself or another party, but the correct parties are involved.") *with Hernandez v. ISE, Inc.*, No. 04-06-00888-CV, 2008 WL 80005, at *4 (Tex. App.—San Antonio Jan. 9, 2008, no pet.) (mem. op.) (discussing claim of misidentification in which trial court mistakenly "identifies" the defendant). We agree with Town & Country that the choice of the term "identifies" indicates that this provision is meant to deal with misidentification, not misnomer.

Furthermore, section 42.21(h) sets forth the mechanism that applies when the plaintiff is not "the proper party to bring the petition." TEX. TAX CODE ANN. § 42.21(h) (emphasis added). This language, likewise, speaks in terms of multiple, alternative parties instead of the typical misnomer scenario that involves only one party.

Lastly, section 42.21(h) specifically contemplates that a petition may be amended to "add a plaintiff" if the plaintiff that brought the petition is not the proper party. TEX. TAX CODE ANN. § 42.21(h). If misnomer were the only application of this section, no new plaintiffs would need to be added. This language, like the language previously discussed, supports the conclusion that

14

section 42.21(h) applies to misidentification. *See Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) (stating that construction should be avoided that would "render[] any part of the statute meaningless or superfluous.").

## 2. Reference to section 42.21(e) does not limit application to misnomer cases

Next we consider HCAD's argument that reference to subsection (e) indicates that subsection (h) applies only to misnomer.

Subsection (h) mandates that the issue of a plaintiff not being the proper "party" to bring a petition "must be addressed by means of a special exception and correction of the petition by amendment as authorized by subsection (e) and may not be the subject of a plea to the jurisdiction . . . ." TEX. TAX CODE ANN. § 42.21(h). HCAD argues that the Legislature's reference to subjection (e) within subsection (h) indicates its intent that subsection (h) apply only to misnomer cases.

While it is correct that subsection (e) has been applied to misnomer cases (*see, e.g.*, *Reddy P'ship/5900 N. Fwy. L.P.*, 370 S.W.3d at 373), it is not limited to that context. As this Court discussed in *Storguard*, subsection (e) could also be implicated when a previous property owner loses a protest, files a petition for review, then seeks to amend its petition to add the current property owner as a party. *Storguard*, 369 S.W.3d at 612. In that situation, a petition could be amended under section 42.21(e) to name the current (correct) property owner after the

15

previous property owner (who has no current interest in the property) filed the protest and appealed that decision. The parties then could argue that the previous property owner has standing under section 41.44(e). *Id.* at 614–15 (concluding that, given timing of that particular appeal, newly added section 41.44(e) could not be relied on to satisfy standing requirement).

Thus, contrary to HCAD's assertion, section 42.21(e) does not apply only to cases of misnomer. Likewise, reference to subsection (e) within subsection (h) does not indicate legislative intent that subsection (h) be limited to misnomer cases. Furthermore, subsection (e)'s allowance of an amendment to correct misnomer raises the issue of why the Legislature would have further amended the statute to include subsection (h) if it accomplishes nothing more than what was already permissible under subsection (e)—amendment to correct misnomer. We must construe a statute to give effect to all of the statute's provisions, leaving none of its parts without meaning or import. *See City of San Antonio*, 111 S.W.3d at 29; *Harris Cnty. Water Control & Improvement Dist. No. 99 v. Duke*, 59 S.W.3d 333, 336 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *Hogue*, 271 S.W.3d at 256.

### 3. Subsection (h) has a broader application

Before the 2013 amendment, a party had to meet three jurisdictional requirements: 1) it had to be the property owner (or designated agent), 2) it had to exhaust its administrative remedies, and 3) it had to file an appeal within 60 days.

16

*Storguard*, 369 S.W.3d at 612. In the case of misnomer, the mislabeled party met all three of these requirements, and thus the plaintiff had standing and could replead under (e). *Reddy P'ship/5900 N. Fwy. LP*, 370 S.W.3d at 377. But in a misidentification case, no one had standing. The appealing protester was not the property owner, and the true property owner—who never actually filed a protest—failed to exhaust his administrative remedies; therefore, both lacked standing. Because no one had standing, HCAD's decision on the protest would become unchallengeable. *See KM-Timbercreek*, 312 S.W.3d at 728; *see also Storguard*, 369 S.W.3d at 612.

Section (h) is designed to solve this problem. So long as the appeal is "brought on behalf of a property owner," the court has jurisdiction. TEX. TAX CODE ANN. § 42.21(h). Even if the original petition misidentifies the plaintiff as the property owner, the true property owner has standing because he "is considered to have exhausted . . . administrative remedies." *Id.* Therefore, (h) fills in the gaps that otherwise would prevent the court from obtaining subject-matter jurisdiction.

Based on the text of section 42.21(h), other relevant Tax Code amendments, and the implications of the various asserted interpretations when reading these provisions as a whole, we conclude that 42.21(h) is not limited to cases of misnomer and can be relied on by property owners in cases of misidentification.

**E.    HCAD's argument that this interpretation will lead to advisory opinions**

HCAD argues that this interpretation is unreasonable because it would result in a violation of established constitutional standing requirements. *See Combs*, 401 S.W.3d at 630 (stating that statute should not be interpreted using plain meaning of words if doing so would lead to absurd results). We, therefore, consider this constitutional challenge to our interpretation of the statute.

The Legislature dictates the scope of subject matter jurisdiction for trial courts to hear appeals of administrative tax decisions. *See* TEX. TAX CODE ANN. § 42.01 (providing that property owner is entitled to appeal Board's order). In addition to granting subject matter jurisdiction, the Legislature has authority to revise its statutes to alter jurisdictional requirements. *See Univ. of Tex. Sw. Med. Ctr. at Dall. v. Estate of Arancibia ex rel. Vasquez-Arancibia*, 244 S.W.3d 455, 459 (Tex. App.—Dallas 2007), *aff'd*, 324 S.W.3d 544, 547–49 (noting that Legislature amended Government Code to make statutory prerequisites to suit jurisdictional requirements, thereby altering subject matter jurisdiction), *overruled on other grounds*, *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 & n.3 (Tex. 2012).

HCAD argues that interpreting the amendment to section 42.21 to expand subject matter jurisdiction to include cases in which property owners have been misidentified would be "unreasonable" in that it would raise constitutional standing concerns. Specifically, HCAD argues that it would lead to advisory

18

opinions being issued because misidentified property owners do not have standing to challenge tax valuations in the trial courts. Instead, only the actual property owner may appeal the tax valuation. *See* TEX. TAX CODE ANN. § 42.01. As the party challenging the constitutionality of the amended statute, as we have interpreted it, HCAD "bears the burden of demonstrating that the enactment fails to meet constitutional requirements." *Enron Corp. v. Spring Indep. Sch. Dist.*, 922 S.W.2d 931, 934 (Tex. 1996). HCAD's argument fails for two reasons.

First, there is a statutory provision that provides a defendant aware of a misidentification with a procedure to rectify the error and allow the correct party to be brought into the suit. *See* TEX. TAX CODE ANN. § 42.21(h) (permitting HCAD to raise issue of misidentification through special exception and plaintiff to amend petition to correctly identify property owner). Use of this procedure allows the parties to correct a misidentification error, bring the proper parties before the trial court, and avoid the issuance of an advisory opinion. That subsection (h) contemplates that the original plaintiff might not be "the proper party to bring the petition" and that another plaintiff might be "add[ed]" indicates that a proper party—the true owner, lessor, or designated agent—is ultimately still required. TEX. TAX CODE ANN. § 42.21(h).

Second, it is only if HCAD fails to raise the issue of misidentification that a final judgment could be entered in a suit brought by a person who, potentially, is

19

not the actual property owner. But that same possibility existed before the statute was amended. There always is a possibility that a party will be misidentified and, if uncorrected, that a judgment will result that does not affect the true parties in interest. *Cf. Sanchez v. Braden*, No. 05-97-00811-CV, 1999 WL 378426, at \*2 (Tex. App.—Dallas June 11, 1999, no pet.) (mem. op., not designated for publication) (refusing to modify trial court's order to grant appellant judgment on merits because judgment on merits in appellant's favor would be "a purely advisory opinion"). In this case, HCAD raised the issue by referring to the warranty deed for the property.

The possibility that an uncorrected misidentification might result in an "advisory opinion" is not a valid basis for rejecting the clear wording of the amendment or refusing to give it effect. *See Combs*, 401 S.W.3d at 630 (requiring reviewing courts to honor plain language of statute unless that interpretation would lead to absurd results); *see also Enron Corp.*, 922 S.W.2d at 934 ("In determining the constitutionality of a statute, we begin with a presumption that it is constitutional.").

We reject HCAD's argument that this interpretation of section 42.21(h) will impermissibly lead to advisory opinions.

**F.** **HCAD's argument that the appeal was not brought "on behalf of" Town & Country**

HCAD's final argument is that subsection (h) applies only to appeals brought "on behalf of" the property owner and Gowan never claimed to be acting on behalf of the property owner but, rather, to *be* the true property owner. While the statute does not elaborate on what would constitutes an appeal "brought on behalf of the property owner," the full text of subsection (h) contemplates the scenario of owner misidentification, as occurred with Gowan and Town & Country. For example, subsection (h) grants jurisdiction "regardless of whether the petition correctly *identifies* the plaintiff as the owner." TEX. TAX CODE ANN. § 42.21(h). And the newly added provisions, when read together, extend standing to a party who is not the true owner but is listed on the appraisal rolls and is added to the lawsuit. Further, newly added subsection (h) provides that the identity of the property owner is no longer a basis for a plea to the jurisdiction but should, instead, be dealt with by another motion.

Thus, the language selected by the Legislature and included in the statutory amendment supports the conclusion that an appeal qualifies as being "brought on behalf of a property owner" if an entity is mistakenly listed as a property owner due to misidentification. It would be inconsistent with the language of the statute and the legislative intent, as expressed through that language, to require that the party mistakenly listed as the property owner have declared that he was acting "on

21

behalf of" a different property owner—a declaration that, by its terms, would require him to realize the concurrent misidentification error. Accordingly, we reject HCAD's argument that Gowan, Sheehan, and Patterson must produce evidence that they intended to act on behalf of a separate entity when they initially pursued the appeal.

Thus, we conclude that the newly enacted subsection 42.21(h) grants a trial court subject matter jurisdiction over a suit appealing a Board decision as long as the suit meets the property identification and filing requirements contained in section 42.21(h), even if the petition misidentifies the property owner and must be corrected through amendment. We, therefore, conclude that the trial court erred by holding that it lacked subject matter jurisdiction and by granting HCAD's plea to the jurisdiction. We sustain Town & Country's first issue. We, therefore, do not reach the second issue.

**Conclusion**

We reverse the trial court's order granting HCAD's second plea to the jurisdiction and remand for further proceedings between Town & Country and HCAD.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

22