In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-22-00063-CV

**MONTGOMERY COUNTY, CONROE INDEPENDENT SCHOOL DISTRICT, LONE STAR COLLEGE SYSTEM, CITY OF CONROE, AND MONTGOMERY COUNTY HOSPITAL DISTRICT, Appellants**

**V.**

**MISSION AIR SUPPORT, INC., Appellee**

_____

**On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 21-0100640-CV**
_____

**MEMORANDUM OPINION**

This is an accelerated appeal of a denial of a plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8); Tex. R. App. P. 28.1(a). Montgomery County, Conroe Independent School District, Lone Star College System, City of Conroe, and Montgomery County Hospital District (Appellants, Plaintiffs, or collectively "the Governmental Entities") in one issue contend that the trial court

1

erred in denying their Plea to the Jurisdiction in a tax suit filed by Appellants against Mission Air Support, Inc. (Appellee or Defendant or Mission Air).

On appeal, Appellants argue that the trial court lacks jurisdiction over Appellee's affirmative defenses because Appellee failed to exhaust the Texas Tax Code's administrative remedies to dispute property taxes as required by section 42.09 of the Texas Tax Code.

Background

On January 15, 2021, Plaintiffs filed their Original Petition against Mission Air in a suit to recover delinquent ad valorem taxes under section 33.41 of the Texas Tax Code. The Original Petition sought a total of $113,227.77 in taxes owed for tax years 2016 and 2017 on two aircraft. In the Original Petition Plaintiffs also asserted a lien on the two aircraft to secure the payment of all taxes, penalties, interest, and costs due. According to the Original Petition, the two aircraft were located within the territorial boundaries of the taxing units when the taxes were assessed, and Mission Air either owned or claimed an interest in the property on January 1 of the year in which the taxes on the property were imposed.

In Defendant's First Amended Answer, Mission Air generally denied the allegations in the Original Petition and asserted the following affirmative defenses:

> No Jurisdiction to Tax. Defendant would show that ad valorem taxes were erroneously assessed against both Aircraft. In early 2017, Defendant took ownership of the Aircraft for the purpose of operation as commercial aircraft. Both Aircraft were on the operating certificate

2

of an air carrier certificated under Part 135 of the Federal Aviation Regulations from when Defendant initially took ownership until early 2020. The Aircraft were not in service nor flown during any of the tax years for which Plaintiffs seek recovery of ad valorem taxes herein. Furthermore, the Aircraft have never been used by Defendant for generation of revenue. Rather, the Aircraft were grounded for maintenance in preparation for service and non-operational during all relevant times herein.

"All tangible personal property that this state has jurisdiction to tax is taxable unless exempt by law." Tex. Tax Code § 11.01(a). Jurisdiction exists "if the property is located in this state longer than a temporary period." *See* Tex. Tax Code § 11.01(c)(1). During the time in which any commercial aircraft is removed from air transportation service for repair, storage, or inspection such aircraft is "presumed to be in interstate, international, or foreign commerce and not located in this state for longer than a temporary period for purposes of Section 11.01 of [the Texas Tax Code]." *See* Tex. Tax Code § 21.05.

The Aircraft have been "removed from air transportation service for repair. . . [and] storage," as described in Texas Tax Code Section 21.05(c), since Defendant acquired them, and should be, "presumed to be in interstate, international, or foreign commerce and not located in this state for longer than a temporary period for purposes of Section 11.01 of [the Texas Tax Code], for the applicable tax years, in accordance with Section 21.05(c). Accordingly, ad valorem taxes were erroneously assessed against the Aircraft.

Conditions Precedent Not Met. Defendant denied that all conditions precedent have occurred or been performed.

Plaintiffs filed their Second Amended Petition, removing their claims for personal liability for tax years 2016 and 2017 and seeking instead "in rem only as to tax years 2016 and 2017[.]" The Second Amended Petition also added claims for delinquent taxes owed on the aircraft for tax years 2019 and 2020.

The Governmental Entities filed a Plea to the Jurisdiction arguing that section 42.09(b) outlines only two instances in which a taxpayer may bypass the full

administrative process and raise grounds for a tax protest in a tax suit, and that neither applies here. In their Plea to the Jurisdiction, the Governmental Entities alleged Mission Air failed to plead that it timely protested its tax appraisals, that Mission Air never sought review before an appraisal review board (ARB), Mission Air failed to obtain a ruling from an ARB, and Mission Air cannot produce any evidence otherwise. The Governmental Entities alleged that because Mission Air failed to exhaust the Texas Tax Code's protest and appeal process, the trial court lacks jurisdiction over any of Mission Air's defenses that are barred by section 42.09. Mission Air asserted three affirmative defenses in its Amended Answer. The Governmental Entities alleged that all three defenses should have been raised with the appraisal district or not at all. First, as to Mission Air's affirmative defense that it did not own the taxed property on January 1 of 2016 and 2017, the Governmental Entities argued that defense could only be raised as an affirmative defense to a tax suit seeking personal liability. In their Second Amended Petition, the Governmental Entities assert a claim "in rem only as to tax years 2016 and 2017[,]" they do not allege a claim for personal liability. They contend a section 42.09(b)(1) no-ownership defense cannot stop a lien foreclosure. As for Mission Air's second affirmative defense (relying on section 21.05 of the Tax Code's provision that during the time the commercial aircraft is removed from air transportation for repair or storage the aircraft is presumed to not be located in the state for section 11.01

4

purposes), the Governmental Entities argued that section 42.09(b) allows for an affirmative defense challenging the property's location only for real property but that the defense is not available for personal property like the aircraft at issue here. Further, to the extent Mission Air relies on sections 21.05 and 11.01, a taxpayer must first exhaust all administrative remedies before bringing a section 11.01 jurisdictional defense. Last, to the extent Mission Air asserts that the aircraft was not income-producing and therefore not taxable (i.e., a section 11.14 exemption), the Governmental Entities argue the Texas Supreme Court has prevented taxpayers from asserting a section 11.14 exemption if they failed to exhaust the Tax Code's protest and appeals process with the appraisal district.

In support of their Plea to the Jurisdiction, Plaintiffs also filed an Affidavit of Russell McLaughlin, the Director of Commercial Operations at the Montgomery Central Appraisal District (MCAD). He stated that on May 16, 2017, the assessed party for the accounts for the aircraft was changed to Mission Air Support. He provided the mailing dates and protest deadlines for the Notices of Appraised Value and Supplemental Notices mailed to Mission Air for tax years 2016 through 2020 for the two accounts for the aircraft. According to the affidavit, MCAD mailed the notices to the address that Mission Air filed with the appraisal district, and copies of the notices and supplemental notices were attached to the affidavit. The affidavit also stated that in early 2021, Mission Air contacted MCAD attempting to adjust the

appraised values for the two tax accounts, and on March 17, 2021, McLaughlin emailed Mission Air's Vice President of Business Development and Strategy. Among the information in the March 17th email, it states:

> Research uncovered a series of communications in 2018 concerning the status of the planes. Information was conveyed to multiple parties that the planes were considered business assets located in Montgomery County, Texas and were valued accordingly. Timely appeal processes were not adhered to and have since expired.

> Due to additional information received by the appraisal district, it appears that the assets were omitted from the roll in 2018, 2019, and 2020. . . Based on the tax code and judicial case law, we will be adding the planes to the appraisal records 2019 and 2020. The property owner will be noticed and will have the right to appeal the process under Chapter 41.

The referenced email was attached as an exhibit to the affidavit. McLaughlin stated in his affidavit that, despite the Notices and Supplemental Notices of Appraised Value and the email of March 17, 2021, MCAD never received any written protest to the ARB from Mission Air and that all deadlines to file a written protest had lapsed.

Mission Air filed a response to Plaintiffs' Plea to the Jurisdiction, and Mission Air cited to section 49.02(b)(1) of the Tax Code and *In re Diocese of Lubbock*, 624 S.W.3d 506, 523 n.9 (Tex. 2021) (Boyd, J., dissenting) (citing *Hosanna-Tabor Evangelical Lutheran Church & School v. EEOC*, 565 U.S. 171, 194 n.4 (2012); *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247, 254 (2010)). Mission Air argued that under *In re Diocese of Lubbock*, an exception is not a jurisdictional bar

6

that affects the court's power to hear the case but is an affirmative defense to an otherwise cognizable claim. Mission Air also argued that it simply raised affirmative defenses in response to the claim filed by the Governmental Entities and no lawsuit has been filed and no causes of action have been asserted by Mission Air.

The Governmental Entities filed Supplemental Evidence in Support of Plaintiffs' Plea to the Jurisdiction, arguing Mission Air presented no evidence that it exhausted the administrative process and, citing McLaughlin's affidavit, that the Tax Code deadlines to engage the process have expired. The trial court denied Plaintiffs' Plea to the Jurisdiction. Plaintiffs filed this interlocutory appeal.

Standard of Review

The existence of subject-matter jurisdiction is a question of law that can be challenged by a plea to the jurisdiction. *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 8 (Tex. 2015); *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We conduct a de novo review of a trial court's ruling on a plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 226, 228; *Woodway Drive LLC v. Harris Cty. Appraisal Dist.*, 311 S.W.3d 649, 651 (Tex. App.—Houston [14th Dist.] 2010, no pet.), *superseded by statute on other grounds as stated in Town & Country, L.C. v. Harris Cty. Appraisal Dist.*, 461 S.W.3d 208, 212 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

Where, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues. *See Miranda*, 133 S.W.3d at 227. The movant must meet the summary-judgment standard of proof by conclusively demonstrating that the trial court lacks subject-matter jurisdiction. *See id.* at 227-28. We credit as true all evidence favoring the nonmovant and draw all reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 228. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court may not grant the plea, and the fact issue will be resolved at trial by the factfinder. *Id.* at 227-28.

Applicable Law

The chief appraiser prepares a record of all taxable property in the district and states the appraised value for each. Tex. Tax Code Ann. § 25.01(a). The appraisal review board examines the appraisal district's appraisal records to determine whether appraisals are substantially uniform, whether exemptions are properly granted, and if the appraisal records conform to their legal requirements. *See id.* §§ 6.01, 41.01(a). The appraisal records, as approved by the ARB, constitute the appraisal roll for the district. *Id.* § 25.24. "The legislature's intent, as may be determined from the overall tax appraisal protest scheme, is that the appraisal rolls become fixed after property owners have been given adequate time to file their

8

protests." *Anderton v. Rockwall Cent. Appraisal Dist.*, 26 S.W.3d 539, 543 (Tex. App.—Dallas 2000, pet. denied).

"The Texas Tax Code provides detailed administrative procedures for those who [] contest their property taxes." *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006); *see generally* Tex. Tax Code Ann. chs. 41-42. The Tax Code presents a pervasive regulatory scheme intended to vest ARBs with exclusive jurisdiction. *Appraisal Review Bd. of Harris Cty. Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 416-17 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Generally, property owners must exhaust their administrative remedies before seeking judicial review. *Harris Cty. Appraisal Dist. v. ETC Mktg., Ltd.*, 399 S.W.3d 364, 367 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *O'Connor & Assocs.*, 267 S.W.3d at 417. This is because "a taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes." *Rourk*, 194 S.W.3d at 502 (internal quotation marks omitted).

Section 42.09 of the Texas Tax Code, entitled "Remedies Exclusive[,]" provides in pertinent part:

(a) Except as provided by Subsection (b) of this section, procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive, and a property owner may not raise any of those grounds:
(1) in defense to a suit to enforce collection of delinquent taxes; or

(2) as a basis of a claim for relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid.

(b) A person against whom a suit to collect a delinquent property tax is filed may plead as an affirmative defense:

(1) if the suit to enforce personal liability for the tax, that the defendant did not own the property on which the tax was imposed on January 1 of the year for which the tax was imposed; or

(2) if the suit to foreclose a lien securing the payment of a tax on real property, that the property was not located within the boundaries of the taxing unit seeking to foreclose the lien on January 1 of the year for which the tax was imposed.

Tex. Tax Code Ann. § 42.09(a), (b). Under chapter 41 of the Texas Tax Code, property owners are entitled to administratively protest certain actions to the ARB. *See id.* § 41.41(a). Section 41.41 outlines the following actions that may be protested by a property owner to the ARB:

(1) the determination of the appraised value of the owner's property or, in the case of land appraised as provided by Subchapter C, D, E, or H, Chapter 23, determination of its appraised or market value;
(2) unequal appraisal of the owner's property;
(3) inclusion of the owner's property on the appraisal records;
(4) denial to the property owner in whole or in part of a partial exemption;
(5) determination that the owner's land does not qualify for appraisal as provided by Subchapter C, D, E, or H, Chapter 23;
(6) identification of the taxing units in which the owner's property is taxable in the case of the appraisal district's appraisal roll;
(7) determination that the property owner is the owner of property;
(8) a determination that a change in use of land appraised under Subchapter C, D, E, or H, Chapter 23, has occurred; or
(9) any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affect the property owner.

*Id.*

10

Analysis

In their sole issue, Appellants argue the trial court lacked jurisdiction over the Appellee's affirmative defenses because Appellee offered no pleading or proof that it exhausted its administrative remedies under section 42.09 of the Texas Tax Code. According to Appellants, Appellee "skipped" the detailed administrative procedure that entrusts ARBs with exclusive original jurisdiction over most property tax disputes and instead lodged affirmative defenses against Appellants in this tax collection suit that should have been presented to the ARB. Appellants argue that only two exceptions survive the section 42.09 jurisdictional bar, and neither one applies here. Specifically, Appellants contend that the three defenses raised by Appellee do not survive section 42.09's jurisdictional bar.

Appellee argues on appeal that the trial court properly denied Appellants' plea to the jurisdiction because (1) Appellee was not required to exhaust the administrative remedies set forth in section 42.09 as the aircraft are not taxable in this state, and (2) Appellee's affirmative defenses are not "affirmative claims for relief" in the underlying tax delinquency lawsuit and were pleaded only in response to Appellants' claims.

We first address Appellee's general contention that, because the aircraft are not taxable in Texas, Appellee was under no obligation to adhere to the administrative procedures for contesting the taxes. As stated by the Texas Supreme

11

Court in *Cameron Appraisal District v. Rourk*, "[t]he Texas Tax Code provides detailed administrative procedures for those who would contest their property taxes" and "[t]he administrative procedures are 'exclusive' and most defenses are barred if not raised therein." 194 S.W.3d at 502 (citing Tex. Tax Code Ann. § 42.09). As acknowledged in footnote two in *Rourk*, "[t]hose who do not file administrative protests may still assert that (1) they did not own the property, or (2) the property was outside the boundaries of the taxing unit." *See id.* at 502 n.2 (citing Tex. Tax Code Ann. § 42.09(b)).

So, we must determine whether Appellee's affirmative defenses fall within the defenses allowed under section 42.09(b). Under section 42.09(b), in a suit to collect a delinquent property tax even if the taxpayer fails to file a protest, the taxpayer may still assert (1) in a suit to enforce *personal liability* for the tax, that the defendant did not own the property on which the tax was imposed on January 1 of the year for which the tax was imposed; or (2) in a suit to foreclose a lien securing the payment of a tax on *real property*, that the property was not located within the boundaries of the taxing unit seeking to foreclose the lien on January 1 of the year for which the tax was imposed. *See* Tex. Tax Code Ann. 42.09(b). Neither of those instances exists here.

Subsection 42.09(b)(1) allows, in a suit to enforce *personal liability* for the tax, the affirmative defense that the defendant did not own the property on which the

12

tax was imposed on January 1 of the year for which the tax was imposed. *See id.* § 42.09(b)(1). Here, the Second Amended Petition and Appellee's First Amended Answer were the live pleadings at the time the trial court denied the Plea to the Jurisdiction. With respect to tax years 2016 and 2017, Appellants' suit includes only an in rem claim to foreclose a tax lien for payment of taxes in those years. So, Appellee's defense that it did not own the aircraft on January 1 of 2016 and 2017, does not fall within subsection 42.09(b)(1). *See id.*; *Hydrogeo, LLC v. Quitman Indep. Sch. Dist.*, 483 S.W.3d 51, 60 (Tex. App.—Texarkana 2016, no pet.) (affirmative defense of non-ownership does not apply in suit for foreclosure of in rem tax lien); *Waller Indep. Sch. Dist. v. Miller*, No. B14-87-00821-CV, 1988 Tex. App. LEXIS 1708, at *3 (Tex. App.—Houston [14th Dist.] July 21, 1988, no writ) (not designated for publication) (holding defense did not apply where "action was one to foreclose a lien securing payment, not one to enforce personal liability for the tax[]"). Therefore, Appellee's non-ownership defense for years 2016 and 2017 cannot be raised as an affirmative defense to the in rem collection claim for those years.

As for Appellee's arguments that based on section 21.05(c) of the Tax Code the aircraft were constructively located outside the taxing jurisdiction and that the aircraft were non-income producing, neither of those arguments fall within the scope

13

of section 42.09(b)(1). So, Appellee is not entitled to assert those arguments as affirmative defenses under section 42.09(b)(1).

Next, to the extent Mission Air relies on subsection 42.09(b)(2), we find that subsection also does not apply because Appellants' suit was not a suit to foreclose a lien securing the payment of tax on *real property*. Section 11.01(a) of the Texas Tax Code provides that "[a]ll real and tangible personal property that this state has jurisdiction to tax is taxable unless exempt by law." Tex. Tax Code Ann. § 11.01(a). Subsection (c)(1) of that same section provides that the state has jurisdiction to tax tangible personal property if the property is located in the state for longer than a temporary period. *See id.* § 11.01(c)(1). The aircraft would constitute personal property and not real property, and Appellee does not argue otherwise. *See id.* §§ 21.03, 21.05; *see also, e.g.*, *Alaska Flight Servs., LLC v. Dallas Cent. Appraisal Dist.*, 261 S.W.3d 884, 886-88 (Tex. App.—Dallas 2008, no pet.) (addressing taxation of aircraft as tangible personal property); *Harris Cty. Appraisal Dist. v. Tex. Gas Transmission Corp.*, 105 S.W.3d 88, 91 & 91 n.3 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (same). This suit does not involve a suit to foreclose upon or collect taxes on real property.

To the extent that Appellee argues that section 21.05(c) of the Texas Tax Code constructively locates the aircraft outside the taxing jurisdiction for purposes of section 11.01 and therefore the affirmative defense is allowed under section

14

42.09(b)(2), Appellee's argument fails. Subsection 42.09(b)(2) explicitly states it only applies in a suit to foreclose a lien securing the payment of a tax on *real property*. *See id.*

Because the three affirmative defenses Appellee pleaded in its Amended Answer are not allowable affirmative defenses under section 42.09(b), Appellee was required under section 42.09(a) to exhaust the Tax Code's administrative remedies in order to protest the tax assessment on the defenses it asserted in its answer. *See* Tex. Tax Code Ann. § 42.09(a), (b). In Appellants' Plea to the Jurisdiction, Appellants presented evidence through McLaughlin's affidavit and the attachments to the affidavit that MCAD sent notices to Appellee providing the tax protest deadlines, MCAD never received a written protest from Appellee to the ARB, and the protest deadlines on the notices have all expired. In response to the Plea to the Jurisdiction, Appellee provided no evidence to the contrary. We conclude on the record before us that the failure of Appellee to timely protest its taxes and pursue an appraisal review board ruling deprives the trial court of jurisdiction over Appellee's affirmative defenses. *See Rourk*, 194 S.W.3d at 502.

Appellee argues that the trial court properly denied Appellants' Plea to the Jurisdiction because Appellee's affirmative defenses are not "affirmative claims for relief" in the underlying tax delinquency lawsuit and were pleaded only in response to Appellants' claims. Section 42.09(a)(1) provides that in defense of a suit to

enforce collection of delinquent taxes, unless the affirmative defense is one allowed under subsection (b), the exclusive remedy is a protest through the procedures authorized by the Tax Code. *See* Tex. Tax Code Ann. § 42.09(a), (b). Here, each of Appellee's asserted defenses simply does not fall within the allowed defenses outlined in subsection (b). So, the trial court erred in failing to grant Appellants' Plea to the Jurisdiction. We sustain Appellants' issue. Appellants established as a matter of law that the trial court lacked subject matter jurisdiction over Appellee's affirmative defenses. *See Miranda*, 133 S.W.3d at 226.

Appellee cites *Progressive County Mutual Insurance Co. v. Boyd*, 177 S.W.3d 919, 921 (Tex. 2005) and *Martin v. Martin, Martin, & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998), and argues in the alternative that even if the trial court erred in denying the Plea to the Jurisdiction, "this Court should affirm the order if later events in the trial court made the erroneous decision harmless." In *Boyd*, the Texas Supreme Court concluded that even if the trial court erred by granting the defendant-insurer's summary judgment as to the plaintiff's bad-faith and extra-contractional claims, the error was harmless because the jury finding in the breach of contract case negated coverage of the occurrence by the defendant-insurer's insurance policy. 177 S.W.3d 920. In so deciding, the Court noted that "subsequent events, being properly before the court of appeals and this Court, should be considered in determining harm from the trial court's grant of summary judgment." *Id.* at 921. In *Martin*, the Texas

16

Supreme Court concluded that the district court erred in granting the defendants' summary judgment without notice to the plaintiff, but the Texas Supreme Court determined that the error was harmless because the district court fully considered the plaintiff's response and reconfirmed the ruling. 989 S.W.2d at 359. In both of those cases, unlike in the present case, the Court had before it subsequent events to consider in determining harm in relation to consideration of summary judgments unrelated to a failure to exhaust administrative remedies and lack of jurisdiction. These cases are distinguishable from the facts in this case. Additionally, in the present case, no subsequent events have been included in our appellate record for us to consider.[1]

Having sustained Appellants' sole issue on appeal, we reverse and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
LEANNE JOHNSON
Justice

Submitted on April 4, 2023
Opinion Delivered April 27, 2023
Before Golemon, C.J., Horton and Johnson, JJ.

---

[1] Appellee fails to identify in its appellate brief any specific subsequent event that would make the trial court's erroneous denial of the plea to the jurisdiction harmless.