**STORGUARD INVESTMENTS, LLC
and Maxima Communications
Corp., Appellants,**

v.

**HARRIS COUNTY APPRAISAL
DISTRICT, Appellee.**

No. 01–10–00439–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 3, 2012.

Hugh L. McKenney, McKenney & Associates, P.C., Houston, TX, for Appellants.

Sarah M. Morrow, Tammy White–Chaffer, Olson & Olson, L.L.P., Houston, TX, for Appellee.

Panel consists of Justices KEYES, HIGLEY, and BAKER.[*]

## OPINION ON REHEARING

EVELYN V. KEYES, Justice.

Appellants, Storguard Investments, LLC ("Storguard") and Maxima Communications Corp. ("Maxima"), filed a motion for rehearing of our July 21, 2011 opinion. We grant rehearing, withdraw our July 21, 2011 opinion and judgment, and issue this opinion and judgment in their place. The disposition of the case remains unchanged.

■ In this ad valorem property tax case, Maxima sought judicial review of a Harris County Appraisal Review Board ("the Board")[1] order determining Maxi-

---

[*] The Honorable Caroline E. Baker, Judge of the 295th District Court of Harris County, Texas, participating by assignment. See Tex. Gov't Code Ann. § 74.003(h) (Vernon 2005).

1. Although Maxima's original petition listed both the Harris County Appraisal District and the Harris County Appraisal Review Board as defendants, the record does not indicate that the Board received service of citation or appeared in the proceeding. An appraisal review board is not a necessary party to a petition for judicial review of the board's order. Tex Tax Code Ann. § 42.21(b) (Vernon Supp. 2011). Because the Board is not a

ma's protest of the taxes assessed for the 2008 tax year. The Harris County Appraisal District ("HCAD") filed a plea to the jurisdiction, contending that Maxima lacked standing to pursue judicial review because it did not own the property on January 1, 2008. In response, Maxima moved to add Storguard, the record owner of the property, as a plaintiff pursuant to Tax Code section 42.21(e) and Texas Rule of Civil Procedure 28. The trial court granted HCAD's plea to the jurisdiction. In three issues, Storguard contends that the trial court erred in granting HCAD's plea to the jurisdiction because (1) Maxima amended its petition for review to cure a misnomer, (2) Storguard had standing to pursue the petition for judicial review, and (3) Storguard satisfied the requirements for Rule 28 substitution.

We affirm.

## Background

The subject property is located at 12610 Tanner Road in Houston. On June 5, 2003, Maxima, which has an ownership interest in Storguard, conveyed its interest in the property to Storguard by special warranty deed. HCAD's records for the property, however, did not reflect this change in ownership and still listed Maxima as the owner of the property in 2008. As a result, HCAD mailed the 2008 Notice of Appraised Value to Maxima, instead of to Storguard. Maxima subsequently pro-

tested the appraised value of the property before the Board. On August 1, 2008, the Board issued an order determining the protest to Maxima via Deloney & Associates, its designated agent for the protest process, ordering a reduction in the appraised value of the property.

Pursuant to Tax Code section 42.21(a), Maxima timely filed a petition for judicial review of the Board's order.[2] With its original petition, Maxima included (1) responses to Texas Rule of Civil Procedure 194 disclosures, stating that the named plaintiff, Maxima Communications Corp., was the correct name for the plaintiff and that it knew of no potential parties to the suit, and (2) a proposed finding of fact stating that "Plaintiff was the owner of the property that is the subject matter of this lawsuit on January 1 of each of the tax years in question."

Nineteen months later, in April 2010, HCAD filed a plea to the jurisdiction, contending that the district court lacked subject-matter jurisdiction over the petition for review because Maxima did not own the property on January 1, 2008, and, therefore, it lacked standing to protest the Board's order to the district court. As supporting evidence, HCAD attached the June 5, 2003 deed reflecting the conveyance of the property from Maxima to Storguard.

necessary party to the appeal and the record does not affirmatively demonstrate that the Board was served or that it appeared, we hold that HCAD is the only appellee properly before the court. *See KM–Timbercreek, LLC v. Harris Cnty. Appraisal Dist.*, 312 S.W.3d 722, 724 n. 1 (Tex.App.-Houston [1st Dist.] 2009, no pet.).

**2.** In 2009, the Texas Legislature amended section 42.21(a) to extend the time period to file a petition for review from forty-five days to sixty days from receipt of the Board's order.

*See* TEX. TAX CODE ANN. § 42.21(a) (Vernon Supp. 2011); Act of May 29, 2009, 81st Leg., R.S., ch. 905, § 1, 2009 Tex. Gen. Laws 2435, 2435. Although we decide this case under the law in effect at the time of Maxima's petition to the district court in September 2008, we note that Storguard, the record owner of the property, did not attempt to join as a plaintiff until April 2010, well after both of the time periods had expired. *See* Act of May 29, 2009, § 4, 2009 Tex. Gen. Laws at 2435–36.

In response, Maxima moved to substitute Storguard as plaintiff pursuant to Tax Code section 42.21(e) and Texas Rule of Civil Procedure 28. Maxima and Storguard argued that the amended petition adding Storguard as a plaintiff "cures a misnomer and relates back to the filing date of the original petition." The plaintiffs contended that "[t]here is also no dispute based on the pleadings that the property owner [Storguard] was the actual party that exhausted administrative remedies and pursued the judicial appeal, notwithstanding the misnomer" and that Storguard "is the same party that originally sued under the misnomer and under the common name assigned to the property owner by the Defendant [HCAD]." The plaintiffs further argued that Maxima indirectly owned the property because it had an ownership interest in Storguard.

Maxima and Storguard also contended that Rule 28, which allows a plaintiff to substitute its "true name" for the "common name" in which it originally sued, permitted substitution of Storguard as plaintiff. The plaintiffs argued that Maxima was the "common name" of Storguard because HCAD's records, including the 2008 Notice of Appraised Value and the Board's order determining protest, listed Maxima as the property owner. Maxima and Storguard argued that Storguard, acting under its "common name" of Maxima, completed the administrative protest process and timely filed the petition for judicial review, and, therefore, it had standing to protest the Board's order.

The trial court granted HCAD's plea to the jurisdiction and dismissed Maxima and Storguard's suit for want of jurisdiction. This appeal followed.

**3.** *See, e.g., KM–Timbercreek,* 312 S.W.3d at 726–28; *Woodway Drive LLC v. Harris Cnty.*

### Standard of Review

Standing is a necessary component of subject-matter jurisdiction and cannot be waived. *Bland Indep.Sch. Dist. v. Blue,* 34 S.W.3d 547, 553–54 (Tex.2000); *KM–Timbercreek, LLC v. Harris Cnty.Appraisal Dist.,* 312 S.W.3d 722, 725 (Tex. App.-Houston [1st Dist.] 2009, no pet.). If a party lacks standing, the trial court does not have jurisdiction to hear the case. *Blue,* 34 S.W.3d at 553–54. If the jurisdictional defect cannot be cured by amending the pleadings, a party may file a plea to the jurisdiction, and if the trial court finds the plea meritorious, it may grant the plea without allowing the plaintiff an opportunity to amend its petition. *See Cnty. of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002). A trial court decides a plea to the jurisdiction by reviewing the pleadings as well as any evidence relating to the jurisdictional inquiry. *Blue,* 34 S.W.3d at 555. We review a trial court's ruling on a plea to the jurisdiction de novo, construing the pleadings liberally in favor of the plaintiff while considering the pleader's intent. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226, 228 (Tex.2004). When reviewing a plea to the jurisdiction, we cannot examine the merits of the case. *See Houston Indep. Sch. Dist. v. 1615 Corp.,* 217 S.W.3d 631, 635 (Tex.App.-Houston [14th Dist.] 2006, pet. denied).

### Standing to Pursue Judicial Review

#### A. Law in Effect before September 1, 2011

Our Court and the Fourteenth Court of Appeals have repeatedly addressed the jurisdictional requirements for seeking judicial review of an adverse property tax determination by the appraisal review board.[3] Generally, only the proper-

*Appraisal Dist.,* 311 S.W.3d 649, 652–53 (Tex. App.-Houston [14th Dist.] 2010, no pet.); *see*

ty owner has standing to seek judicial review of an appraisal review board order in the district court. *KM–Timbercreek*, 312 S.W.3d at 726; Tex. Tax Code Ann. §§ 42.01–.031 (Vernon 2008 & Supp. 2011) (providing right of appeal to property owner, certain lessees, chief appraiser, county, and taxing unit); *see also Tourneau Houston, Inc. v. Harris Cnty. Appraisal Dist.*, 24 S.W.3d 907, 909 (Tex.App.-Houston [1st Dist.] 2000, no pet.) ("As a general rule, only an owner may protest before the [Appraisal Review Board] and sue in court for relief.").

■ Tax Code section 42.21(a) specifies the procedural requirements for seeking judicial review of an adverse board order:

A party who appeals as provided by this chapter must file a petition for review with the district court within 45 days after the party received notice that a final order has been entered from which an appeal may be had. Failure to timely file a petition bars any appeal under this chapter.

Act of May 28, 1989, 71st Leg., R.S., ch. 796, § 44, sec. 42.21(a), 1989 Tex. Gen. Laws 3591, 3604 (amended 2009) (current version at Tex. Tax Code Ann. § 42.21(a) (Vernon Supp. 2011)). Section 42.21(a) describes a "party" as one "who appeals as provided by [Chapter 42]." Tex. Tax Code Ann. § 42.21(a) (Vernon Supp. 2011); *KM–Timbercreek*, 312 S.W.3d at 727. Section 42.01 specifically states, "[a] *property owner* is entitled to appeal . . . an order of the appraisal review board determining . . . a protest by the *property owner* . . . ." Tex. Tax Code Ann. § 42.01(1)(A) (Vernon Supp. 2011) (emphasis added). In *KM–Timbercreek*, we reasoned that the Tax Code requires property ownership for two distinct rights: (1) the right to protest the appraised value of the property before the appraisal review board; and (2) the right to seek judicial review of an adverse board determination in the district court. 312 S.W.3d at 727. Thus, to be entitled to judicial review of a board order, the party must be the record owner of the property and must protest the initial valuation to the appraisal review board. *Id.*

■ In addition to the record owner of the property, the Tax Code also allows properly designated agents of the owner and certain lessees to seek judicial review of an adverse board order. *See id.; see also* Tex. Tax Code Ann. § 1.11 (Vernon Supp. 2011) (requirements for agents), § 41.413(b) (Vernon 2008) (requirements for lessees). If a party seeking judicial review does not fall into one of these categories, "then [it has] 'neither a legal right to enforce, nor any real controversy at issue, and, therefore, no standing under the [Tax] Code.'" *KM–Timbercreek*, 312 S.W.3d at 727 (citing *Koll Bren Fund VI, LP v. Harris Cnty. Appraisal Dist.*, No. 01–07–00321–CV, 2008 WL 525799, at *3 (Tex.App.-Houston [1st Dist.]Feb. 28, 2008, pet.denied) (mem. op.)); *see also MHCB (USA) Leasing & Fin. Corp. v. Galveston Cent. Appraisal Dist.*, 249 S.W.3d 68, 78 (Tex.App.-Houston [1st Dist.] 2007, pet. denied).

Finally, section 42.21(e)(1) provides, "A petition that is timely filed under Subsection (a) or amended under Subsection (c) may be subsequently amended to correct or change the name of a party. . . ." Tex. Tax Code Ann. § 42.21(e)(1).

■ The Tax Code provides the exclusive remedies available to property owners for adjudicating a property-tax valuation protest. *See* Tex. Tax Code Ann.

*also GSL Welcome BP 32 LLC v. Harris Cnty. Appraisal Dist.*, No. 01–10–00189–CV, 2010 WL 4484361, at *2 n. 3 (Tex.App.-Houston [1st Dist.] Nov. 10, 2010, no pet.) (mem. op.) (collecting cases).

§ 42.09(a) (Vernon 2008); *Gregg Cnty. Appraisal Dist. v. Laidlaw Waste Sys., Inc.,* 907 S.W.2d 12, 16 (Tex.App.-Tyler 1995, writ denied). A property owner's failure to pursue administrative review of the initial valuation before the appraisal review board "deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes." *Cameron Appraisal Dist. v. Rourk,* 194 S.W.3d 501, 502 (Tex.2006). If no proper party seeks judicial review of the board's decision within the statutory time period, the district court does not acquire subject-matter jurisdiction over the petition for review, and the board's valuation becomes final when the statutory time period expires. *See KM–Timbercreek,* 312 S.W.3d at 728; *Taufiq ex rel. Patrick O'Connor & Assocs., Inc. v. Harris Cnty. Appraisal Dist.,* 6 S.W.3d 652, 654 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (holding that failure to join necessary party, such as property owner, within statutory time period is "fatal to judicial review under section 42.21").

■ Here, Maxima asserted in its original petition, in answers to Rule 194 disclosures, and in proposed findings of fact, that it owned the subject property on January 1, 2008. The record indicates, however, that Maxima conveyed its interest to Storguard on June 5, 2003, and, therefore, it was not the record owner of the property on January 1, 2008, and was not responsible for paying the assessed taxes. Maxima never claimed to be a designated agent or lessee of Storguard. Under the law in effect before September 1, 2011, because Maxima did not own the property on January 1, 2008, and it was not a designated agent or lessee of Storguard, the record owner of the property, Maxima lacked the legal right either to protest the valuation to the Board or to seek judicial review of the subsequent Board order. *See KM–Timbercreek,* 312 S.W.3d at 727. Maxima,

therefore, lacked standing to seek judicial review of the Board's order under section 42.21(a). *Id.*

■ Storguard, as the record legal owner of the property, had standing to protest the valuation of the property before the appraisal review board; however, the record indicates that it did not participate in the administrative protest process. Instead, Storguard did not become involved in this dispute until April 2010, when Maxima amended its petition for review and moved for substitution of Storguard as plaintiff under Tax Code section 42.21(e) and Rule 28. Under the prior law, because the Board never determined a valuation protest brought by Storguard, the actual property owner, there is no protest determination on which it can premise a suit for judicial review to the district court. *See id.* at 727–28. Storguard, therefore, also has " '[no] legal right to enforce, nor any real controversy to determine,' and lacks standing to seek judicial review under section 42.21(a).' " *Id.* at 728.

### B. Standing under New Tax Code Section 42.016

In 2011, the Texas Legislature amended the Tax Code to address procedural issues concerning property tax protests before appraisal review boards and petitions for review of board orders to the district courts. The Legislature added section 42.016, entitled "Intervention in Appeal by Certain Persons," which provides:

A person is entitled to intervene in an appeal brought under [Chapter 42] and the person has standing and the court has jurisdiction in the appeal if the property that is the subject of the appeal was also the subject of a protest hearing and the person:

 (1) owned the property at any time during the tax year at issue;

(2) leased the property at any time during the tax year at issue and the person filed the protest that resulted in the issuance of the order under appeal; or

(3) is shown on the appraisal roll as the owner of the property or as a lessee authorized to file a protest and the person filed the protest that resulted in the issuance of the order under appeal.

TEX. TAX CODE ANN. § 42.016 (Vernon Supp. 2011). Storguard contends that its petition for review "clearly falls within the provisions of Section 42.016 granting it standing and conferring full jurisdiction upon the district court."

 Storguard appears to qualify as a person entitled to intervene in a petition for review pursuant to section 42.016. The property at issue was "the subject of a protest hearing," and Storguard owned the property during the 2008 tax year. *See id.* § 42.016(1). This section effectively allows a party such as Storguard, who seeks intervention in a judicial review proceeding, to rely upon another person's completion of the administrative protest process instead of requiring that the party seeking intervention personally exhaust its administrative remedies. *Compare id.* (granting standing to party seeking intervention when party owned subject property during relevant tax year and property was "the subject of a protest hearing," without requiring party to have filed protest hearing and to have completed administrative protest process itself), *with KM–Timbercreek,* 312 S.W.3d at 727 (holding that under prior version of Tax Code, to be entitled to judicial review, party must be record property owner *and* must have protested initial value to appraisal review board). Although *Storguard* may have standing to intervene under section 42.016, however, this section does not bestow standing upon

*Maxima,* the party that administratively protested the initial appraised value and filed the petition for review. Maxima, unlike Storguard, is not seeking to *intervene* in the judicial review proceeding—it initially filed the petition. *See* TEX. TAX CODE ANN. § 42.016 (entitled "Intervention in Appeal by Certain Persons").

The Texas Legislature also amended Tax Code section 41.44—"Notice of Protest"—to add subsection (e), which provides:

Notwithstanding any other provision of this section, a notice of protest may not be found to be untimely or insufficient based on a finding of incorrect ownership if the notice:

(1) identifies as the property owner a person who is, for the tax year at issue:

(A) an owner of the property at any time during the tax year;

(B) the person shown on the appraisal records as the owner of the property, if that person filed the protest;

(C) a lessee authorized to file a protest; or

(D) an affiliate of or entity related to a person described by this subdivision; or

(2) uses a misnomer of a person described by Subdivision (1).

*See id.* § 41.44(e) (Vernon Supp. 2011). This statute allows a person in Maxima's position—a previous owner of the property who is still listed as the record owner in the appraisal records—to administratively protest the property's initial appraised value, which then provides the basis for a person in Storguard's position to take advantage of this protest process and intervene in the judicial review proceeding at a later date. *Contra KM–Timbercreek,* 312 S.W.3d at 727 (holding that property own-

ership on January 1 of relevant tax year is required to protest initial appraised value before appraisal review board). The Legislature provided, however, that the amendment to this section applies "only to a protest that is pending on the effective date of this Act [September 1, 2011] or is filed on or after the effective date of this Act." Act of May 25, 2011, 82d Leg., R.S., ch. 771, § 20(c), 2011 Tex. Sess. Law Serv. 1794, 1801 (West).

Here, Maxima's administrative protest proceeding before the Board concluded on August 1, 2008, when the Board issued its final order; thus, it cannot take advantage of this new amendment to claim standing to administratively protest the initial value because it had no protest pending before the Board on September 1, 2011. Therefore, although *Storguard* may have standing to intervene in the judicial review proceeding under new section 42.016, no statute gives *Maxima* standing either to protest the initial value before the Board or to seek judicial review of the Board's final decision. A proper party must have completed the administrative review process before Storguard can rely on the completion of that process, and there must be a properly pending suit in the district court before Storguard can seek to intervene. No proper party completed the administrative review process before the Board, and no such suit in the district court exists in this case. Because no party with standing sought judicial review of the Board's order within the applicable statutory time frame, we conclude, even when considering the newly enacted provisions and amendments to the Tax Code, that, under the facts of this case, the district court never acquired subject-matter jurisdiction over Storguard's or Maxima's claims due to their failure to show that Maxima had standing as a proper party to advance

those claims. *See KM–Timbercreek,* 312 S.W.3d at 728; *Taufiq,* 6 S.W.3d at 654.

### C Application of Tax Code Section 42.21(e)(1)

Storguard contends that the trial court erroneously granted HCAD's plea to the jurisdiction because Tax Code section 42.21(e) allows a party to amend a timely filed petition for review to correct or change the name of a party.

 Section 42.21(e) provides that only petitions for review that are "timely filed *under Subsection (a)* or amended under Subsection (c)" may be subsequently amended to correct or change the name of a party. TEX. TAX CODE ANN. § 42.21(e)(1) (emphasis added). To seek judicial review of an adverse board order under subsection (a) of section 42.21, "the plaintiff must be a 'party who appeals as provided by [Chapter 42],' meaning the plaintiff must be the property owner, a properly designated agent, or a lessee." *KM–Timbercreek,* 312 S.W.3d at 729 (citing TEX. TAX CODE ANN. § 42.21(a)). A party may file a petition for review within the statutory time period, but that party does not properly invoke subsection (a) unless it is the property owner, a designated agent, or a lessee. *See id.* Subsection (e) presupposes that both the original plaintiff and the plaintiff to be substituted have standing to seek judicial review of the board order. *See id.; RRB Land Invs., Ltd. v. Harris Cnty. Appraisal Dist.,* No. 01–09–00519–CV, 2010 WL 1729390, at *3 (Tex. App.-Houston [1st Dist.] Apr. 29, 2010, no pet.) (mem. op.); *Koll Bren,* 2008 WL 525799, at *3–5. If no proper party seeks judicial review of the board order within the statutory time period, the district court does not acquire subject-matter jurisdiction, and the board's order becomes final after the time period expires. *KM–Timbercreek,* 312 S.W.3d at 729.

■ Maxima timely filed a petition for review; however, Maxima did not own the property on January 1, 2008, and, therefore, it lacked standing to administratively protest the valuation before the Board and to pursue judicial review of the Board's subsequent order. Section 42.21(e) requires *both* parties involved in the substitution to have standing to seek judicial review of the appraisal review board's order. *See id.* Because Maxima does not have standing, even under the new amendments to the Tax Code, Storguard cannot use section 42.21(e) to substitute as a plaintiff. *See id.; see also Kilpatrick v. Kilpatrick,* 205 S.W.3d 690, 703–05 (Tex. App.-Fort Worth 2006, pet. denied) ("Because [the plaintiff] lacked standing at the time the action was filed, the suit must be dismissed even if he later acquired an interest sufficient to support standing. We would point out that even when the Trustee attempted to intervene in this suit, such action would not convey standing upon [the plaintiff].... And as we previously stated, the intervention by one with standing does not retroactively cure a jurisdictional standing defect.").

### D. Application of Misnomer Law

■ Storguard also contends that the trial court erroneously granted HCAD's plea to the jurisdiction because Maxima amended its petition to name Storguard as the plaintiff to correct a misnomer, and, therefore, the amended petition relates back to the timely filed original petition. Storguard cites the Fourteenth Court of Appeals' decision in *Womack Machine Supply Co. v. Fannin Bank,* 499 S.W.2d 917 (Tex.Civ.App.-Houston [14th Dist.] 1973), *rev'd on other grounds,* 504 S.W.2d 827 (Tex.1974), and the Texas Supreme Court's decision in *Ealey v. Insurance Co. of North America,* 660 S.W.2d 50 (Tex. 1983), for the proposition that amending a petition to correct the name of the plaintiff relates back to the filing of the original petition and tolls limitations, even when two distinct corporate entities are involved. We previously considered this argument in *GSL Welcome* and concluded that neither *Womack Machine* nor *Ealey* "compels a similar holding that the amended petition naming GSL Welcome relates back to the original, timely filed petition naming Sub Thirteen as plaintiff and that, therefore, GSL Welcome has standing." *See* 2010 WL 4484361, at *5.

■ In *GSL Welcome,* we noted that the issue in both *Womack Machine* and *Ealey* was whether the applicable statute of limitations bars an amended pleading substituting a plaintiff. *See id.* at *5–6 (citing *Womack Machine,* 499 S.W.2d at 920 and *Ealey,* 660 S.W.2d at 51–53). We also observed that the timing of the amended petition naming GSL Welcome as the plaintiff was not the only jurisdictional defect in the case. *See id.* at *5. To invoke the jurisdiction of the trial court, the plaintiff has to meet three requirements: (1) it has to file its petition within the statutorily prescribed time period, (2) it has to be the record property owner, and (3) it has to have exhausted its administrative remedies by protesting the initial valuation before the appraisal review board. *See id.* at *6 (distinguishing *Womack Machine,* which did not require specific statutory prerequisites to invoke trial court's jurisdiction, and *Ealey,* in which party seeking relation back was involved in administrative hearing process and, thus, was proper party to seek judicial review). Here, Maxima timely filed a petition for review, but it was not the record owner of the property, and therefore it was not the proper party either to protest the appraised value or to seek judicial review of the Board's valuation determination, and Storguard did not itself complete the administrative protest process.

As in *GSL Welcome*, Storguard asserts that it, as the property owner, was the "actual party that exhausted administrative remedies and pursued the judicial appeal." 2010 WL 4484361, at *6. We note that Maxima Communications Corporation—the party that completed the administrative protest process, initiated the suit for judicial review, and maintained an ownership interest in Storguard—and Storguard Investments, LLC—the property owner and substituted plaintiff—are separate and distinct legal entities. *See Laidlaw Waste Sys.*, 907 S.W.2d at 17 ("In Texas, for the purpose of legal proceedings, subsidiary corporations and parent corporations are separate and distinct 'persons' as a matter of law. The separate entity of corporations will be observed by the courts even in instances where one may dominate or control, or may even treat it as a mere department, instrumentality, or agency of the other."); *see also* TEX. BUS. ORGS.CODE ANN. § 101.106(b) (Vernon Supp. 2011) ("A member of a limited liability company ... does not have an interest in any specific property of the company."). Because Maxima and Storguard are distinct entities and have separate corporate existences, Storguard, the record property owner, cannot rely on Maxima's conduct to satisfy the jurisdictional prerequisites of completing the administrative protest process before the Board and timely filing a suit for review in the district court. *See GSL Welcome*, 2010 WL 4484361, at *6; *Laidlaw Waste Sys.*, 907 S.W.2d at 17 ("As a result of the separate existence of Laidlaw Delaware, neither Laidlaw Texas nor Four–S could rely upon the filing of the appeal by Laidlaw Delaware to perfect its appeal of the 'Orders Determining Protest' for the tax years 1990 and 1991.").

Newly-enacted section 42.016 allows a party seeking judicial review of an appraisal review board order to intervene in the judicial review proceeding without itself completing the administrative protest process, as long as *someone* with standing pursues an administrative protest. *See* TEX. TAX CODE ANN. § 42.016 ("A person is entitled to intervene in an appeal ... if the property that is the subject of the appeal was also the subject of a protest hearing...."). As we have already noted, however, Maxima lacked standing both to protest the appraised value to the Board and to seek judicial review of the Board's final decision. *See KM–Timbercreek*, 312 S.W.3d at 727. Further, the Legislature's amendment to Tax Code section 41.44, which would allow a person in Maxima's position to properly protest a property's initial value before an appraisal review board, does not apply to Maxima. *See* Act of May 25, 2011, 82d Leg., R.S., ch. 771, § 20(c), 2011 Tex. Sess. Law Serv. at 1801 (noting that amendment to section 41.44 applies only to administrative protests pending on effective date of Act, September 1, 2011, or protests filed on or after effective date). Thus, no proper administrative protest occurred in this case, and, therefore, there is no protest on which Storguard can rely to give it standing pursuant to section 42.016. Allowing relation back of the amended petition in this case does not cure the jurisdictional defect. *See GSL Welcome*, 2010 WL 4484361, at *5–6.

We hold that because Maxima lacked standing to administratively protest the initial appraised value before the Board and to seek judicial review of the Board order, the trial court correctly granted HCAD's plea to the jurisdiction.

We overrule Storguard's first and second issues.

## Rule 28 Substitution

In its third issue, Storguard contends that the trial court should have allowed

Storguard to substitute as a plaintiff pursuant to Rule 28, because Rule 28 allows a plaintiff to sue in its assumed or "common name" and then substitute its "true name" later in the proceeding. Storguard argues that because HCAD's records continued to list Maxima as the owner of the property, instead of reflecting the change in ownership when Maxima sold the property to Storguard in June 2003, "Maxima Communications Corp." is the "common name" of Storguard Investments, LLC.

Rule 28 provides:

Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

TEX.R. CIV. P. 28. To take advantage of Rule 28, "there must be a showing that the named entity is in fact *doing business under* that common name." *KM–Timbercreek*, 312 S.W.3d at 730 (quoting *Seidler v. Morgan*, 277 S.W.3d 549, 553 (Tex.App.-Texarkana 2009, pet. denied)). In *Seidler*, the Texarkana Court of Appeals concluded that although third parties may commonly and informally use the name of the particular premises to refer to the business located at that premises, this by itself "does not mean that the name of the site and the type of business conducted there is 'doing

business as.' " 277 S.W.3d at 553; *see also Howell v. Coca–Cola Bottling Co.*, 595 S.W.2d 208, 212 (Tex.Civ.App.-Amarillo 1980, writ ref'd n.r.e.) ("In summary, we hold rule 28 is not applicable to this case, because nothing in the record indicates the two corporations in question were doing business under an assumed or common name."). Whether an entity does business under an assumed or common name is a question of fact for the trial court. *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex.2003).

In *KM–Timbercreek*, we held that the appropriate Rule 28 inquiry is not whether HCAD refers to or addresses an entity by a particular common name, but whether the entity actually does business under that common name.[4] 312 S.W.3d at 730. Here, Storguard made no showing that (1) it was doing business under the common name of Maxima, (2) it held itself out to the public as Maxima, or (3) it requested that HCAD refer to it as Maxima in its records. *See id.* at 731. HCAD's appraisal records, account statements, property tax statements, notice of appraised value, and order determining protest might be some evidence that HCAD refers to Storguard as Maxima, but, without more, it is not evidence that Storguard does business under the common name of Maxima. *Compare id.* at 730 *with Sixth RMA Partners*, 111 S.W.3d at 52 (concluding that Sixth RMA Partners conducted business under name of RMA Partners when it presented evidence that it used RMA stationary, sent demand no-

4. Contrary to Storguard's assertion, we have never held that Rule 28 applies only to situations in which the party has filed a formal assumed name certificate. A plaintiff can sue in its informal "common name" and substitute its true name later in the proceeding pursuant to Rule 28; however, the plain language of Rule 28 provides that, to take advantage of this substitution mechanism, the plaintiff must establish that it is "doing business under" the common name. TEX.R. CIV. P. 28;

*see also Howell v. Coca–Cola Bottling Co.*, 595 S.W.2d 208, 212 (Tex.Civ.App.-Amarillo 1980, writ ref'd n.r.e.) (noting that, in previous El Paso Court of Civil Appeals case involving two companies "actually doing business under a common name," the El Paso court "correctly applied" Rule 28 and limited its application to "instances of doing business under" an assumed or common name) (citing *Cohen v. C.H. Leavell & Co.*, 520 S.W.2d 793, 796 (Tex.Civ.App.-El Paso 1975, no writ)).

tices and referrals on RMA letterhead and used RMA's business address, and payments on Sixth RMA-owned notes were made to RMA) *and Chilkewitz v. Hyson,* 22 S.W.3d 825, 829 (Tex.1999) (concluding Rule 28 applicable when one-member professional association used stationary and phone number containing name of member). HCAD, by its actions alone, cannot determine that Storguard does business under the common name of Maxima; only Storguard "can establish whether it will operate its business under an assumed or common name." *See Timbercreek,* 312 S.W.3d at 731; *see also Tourneau Houston, Inc.,* 24 S.W.3d at 909 ("HCAD cannot designate an agent for Tourneau, Inc. Only the owner, Tourneau, Inc., can do that.").

We hold that Storguard presented no evidence that it does business under the common name of Maxima.[5] Thus, under these facts, Rule 28 is not applicable and does not permit the substitution of the "true name" of Storguard for the "common name" of Maxima. We hold that Storguard was not entitled to substitution pursuant to Rule 28.

We overrule Storguard's third issue.

## Conclusion

We affirm the judgment of the trial court.

**5.** Storguard cites two cases from the Fourteenth Court of Appeals to support its contention that Rule 28 applies to this case. In *CA Partners v. Spears,* 274 S.W.3d 51 (Tex.App.-Houston [14th Dist.] 2008, pet. denied), our sister court noted that Rule 28 provides that "an individual *doing business under an assumed name* may be sued in his assumed name" and held that CA Partners, a sole proprietorship, presented evidence that its owner used CA Partners as an assumed name while in the business of collecting debts. 274

S.W.3d at 69 (emphasis added). This decision emphasized that, to take advantage of Rule 28, there must be a showing of "doing business under" the assumed name. *See id.* The Fourteenth Court's decision in *Clearview Properties, L.P. v. Property Texas SC One Corp.* did not address Rule 28 at all, but instead held that a second service of citation is not necessary after discovery of a misnomer. 287 S.W.3d 132, 142 (Tex.App.-Houston [14th Dist.] 2009, pet. denied).