

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00363-CV

Joseph Andrew **BURT**, II,
Appellant

v.

**DENNY'S, INC**.,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2017CV02727-A
Honorable Karen Crouch, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: March 25, 2020

AFFIRMED

Joseph Andrew Burt, II appeals a summary judgment granted in favor of Denny's, Inc. On appeal, Burt contends the trial court erred in granting the summary judgment because: (1) he timely filed suit against Denny's, Inc. under a common or assumed name pursuant to Texas Rule of Civil Procedure 28; and (2) the misidentification doctrine precluded the summary judgment. We affirm the trial court's judgment.

BACKGROUND

On July 19, 2015, Burt was injured when he tripped and fell on a walkway at a Denny's restaurant. On March 8, 2016, the insurance adjuster for Denny's, Inc. sent Burt's attorney a letter identifying the adjuster's client as "Denny's Restaurant" and concluding "responsibility for [Burt's] incident does not rest with Denny's Restaurant."

On May 16, 2017, Burt sued Denny's a/k/a Denny's Restaurant, which the petition identified as a Texas Corporation that could be served through its registered agent EYM Diner of Florida, LLC, 2730 N. Stemmons Freeway, Suite 908, Dallas, Texas 75207. On May 30, 2017, Burt's attorney sent a copy of the petition to the insurance adjuster for Denny's, Inc. with a letter stating all prior offers were rejected.[1]

After the answer date had passed, the paralegal for Burt's attorney sent the insurance adjuster an email on October 26, 2017, inquiring whether Denny's, Inc. intended to file an answer. The paralegal used "Joseph Burt v. Denny's" as the subject line for her email. On October 30, 2017, the insurance adjuster responded by email identifying the subject in the same manner used by the paralegal and asking whether a demand package was available. All future emails identified the subject in the same manner first used by the paralegal.

On November 27, 2017, the insurance adjuster sent the paralegal an email acknowledging receipt of a "Stowers Demand" and requesting a ten-day extension of time to respond to the demand. On November 28, 2017, the insurance adjuster sent the paralegal another email noting he had not received a response to the email he sent the previous day and repeating his request for an extension of time. On November 29, 2017, the insurance adjuster sent the paralegal an email

---

[1] The attorney who sent this letter and all other correspondence referred to in the opinion is a different attorney than the attorney to whom the insurance adjuster sent the March 8, 2016 letter.

referring to his client as "Denny's Inc." and concluding "responsibility for [Burt's] incident does not rest with Denny's Restaurant."

On December 4, 2017, Burt filed an amended petition adding Denny's Inc. a/k/a Denny's Restaurant as a defendant. The amended petition identified Denny's Inc. as a Texas corporation which could be served with process by serving its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. On January 29, 2018, Denny's, Inc. filed an answer and asserted Burt's claims against it were barred by limitations because it was not named as a defendant until the amended petition was filed on December 4, 2017.

On July 13, 2018, Denny's, Inc. filed its motion for summary judgment. Denny's, Inc. first moved for a traditional summary judgment asserting Burt's claims were barred because Burt did not amend his petition to name Denny's, Inc. as a defendant until 137 days after the statute of limitations had expired. Denny's, Inc. also asserted the filing of the amended petition did not relate back to the filing of the original petition because the doctrines of misnomer and misidentification did not apply. Denny's, Inc. also moved for a no-evidence summary judgment asserting:

> Pursuant to TEX. R. CIV. P. 166a(i), after more than adequate time for discovery, there is no credible evidence that Denny's, Inc. was timely sued and served within the applicable two year statute of limitations period for this personal injury case. As a result of the foregoing, the Plaintiff must now come forward as required by TEX. R. CIV. P. 166a(i) with competent summary judgment evidence which raises a genuine issue of material fact as to each element of his claims as set out above upon which he has the burden of proof herein. Since he will be unable do so, Denny's Inc. is entitled to judgment in its favor as a matter of law.

Attached to the motion for summary judgment were the following documents:

> (1) the affidavit of Tanya Waters, the Senior Manager, Risk and Worker's Compensation for Denny's, Inc., stating: (1) the Denny's restaurant where Burt fell was owned and operated by Denny's, Inc.; (2) the corporate headquarters for Denny's, Inc. is located at 203 East Main Street, Spartanburg, South Carolina; (3) Denny's, Inc. has no business relationship with EYM Diner of Florida, LLC; (4) the Bexar County Appraisal District website and real property records identify Denny's, Inc. as the owner of the Denny's restaurant where Burt fell; and (5) the

registered agent for Denny's, Inc. on file with the Texas Secretary of State is CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136;

(2) a copy of the Bexar County Appraisal District's website identifying "DENNY'S INC" as the owner of the Denny's restaurant where Burt fell and listing the owner's mailing address as 203 E Main Street, Spartanburg, SC;

(3) records from the Texas Secretary of State identifying the registered agent for Denny's, Inc. as CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136; and

(4) an amendment to a deed of trust on file in the real property records identifying Denny's, Inc. as the owner of the Denny's restaurant where Burt fell.

Burt filed a response to the motion for summary judgment asserting his original petition sued Denny's, Inc. under its assumed or common name; therefore, Denny's, Inc. either was timely sued within the limitations period or a genuine issue of material fact existed as to whether Denny's, Inc. was timely sued under its assumed or common name. Alternatively, Burt responded he exercised due diligence in effecting service on Denny's, Inc. or a genuine issue of material fact existed as to whether he exercised due diligence. Burt attached the email correspondence and letters referenced above to his summary judgment response. Burt also attached: (1) the "Bizapedia" search results for "Denny's" that his attorney relied on in filing the original petition which identifies EYM Diner of Florida, LLC as the owner of Denny's; and (2) the "Bizapedia" search results for "Denny's, Inc." which his attorney ran after receiving the November 29, 2017 letter from the insurance adjuster and which his attorney relied on in filing the amended petition. The second "Bizapedia" search accurately identified the registered agent for Denny's, Inc.

Denny's, Inc filed a reply to Burt's response asserting Denny's, Inc. "was never a party to the original filing, is not related to the entity Plaintiff originally served, and was not timely sued." Denny's, Inc. also asserted "[c]orporate and property ownership information" regarding its ownership of the Denny's restaurant where Burt fell is "information [that] is publicly filed and

readily electronically accessible from" the Bexar County Appraisal District, Bexar County deed records, and the Texas Secretary of State. Denny's, Inc. questioned Burt's attorney's reliance on "Bizapedia" given the public records available on government websites. Finally, Denny's, Inc. asserted Rule 28 was inapplicable because it was "never timely named nor served . . . under a d/b/a or common name."

As previously noted, the trial court granted summary judgment in favor of Denny's, Inc. Burt appeals.

## STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). "If a party moves for summary judgment on both traditional and no-evidence grounds, as the [appellee] did here, we first consider the no-evidence motion." *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017).

A trial court must grant a no-evidence motion for summary judgment unless the nonmovant produces evidence raising a genuine issue of material fact. TEX. R. CIV. P. 166a(i). "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). "Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (internal quotation marks omitted). "To prevail on a traditional summary-judgment motion,

a movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

## NO EVIDENCE MOTION FOR SUMMARY JUDGMENT

In his opening appellant's brief, Burt asserts the summary judgment was precluded by Rule 28 and the misidentification doctrine.[2] In its appellee's brief, Denny's, Inc. asserts this court should affirm the summary judgment because the trial court could have granted the no evidence motion on the basis of Burt's failure to exercise due diligence in service, and Burt failed to challenge that basis for summary judgment in his brief. In his reply brief, Burt asserts he did not waive any argument based on his exercise of due diligence in serving Denny's, Inc. because he was "not required to anticipate every argument [Denny's, Inc.] might raise in its response in order to avoid waiver — especially when the adverse party fails to raise it in the trial court."

A. Summary Judgment Burden for Claim or Defenses to Limitations Defense

A defendant may file a no evidence motion for summary judgment to challenge any claim or defense a plaintiff asserts in response to a defendant's affirmative defense of limitations if the plaintiff would have the burden of proof on that claim or defense at trial. *See* Timothy Patton, *Summary Judgments in Texas: Practice, Procedure and Review*, § 9.04[1] (3rd ed. 2019). Due diligence in service and misidentification are types of such claims or defenses which may be properly challenged by a no evidence motion. *See id.* Although Rule 28 allows a corporation to be sued under an assumed or common name, "[t]o take advantage of Rule 28, there must be a showing that the named entity is in fact *doing business under* that common name." *Storguard*

---

[2] In arguing this issue, Burt also asserts Denny's, Inc. had actual notice of the lawsuit through the insurance adjuster. We first note this argument makes Burt's first issue multifarious, and this court is not required to address multifarious issues. *See Shull v. United Parcel Serv.*, 4 S.W.3d 46, 51 (Tex. App.—San Antonio 1999, pet. denied). We also note "[a] suit mistakenly filed against the wrong defendant imposes no duty on the correct defendant to intervene and point out plaintiff's error. Moreover, this rule applies even though the correct defendant may have known of the suit." *Matthews Trucking Co. v. Smith*, 682 S.W.2d 237, 239 (Tex. 1984).

*Invs., LLC v. Harris Cty. Appraisal Dist.*, 369 S.W.3d 605, 617 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (internal quotation marks omitted; emphasis in original); *see also Seidler v. Morgan*, 277 S.W.3d 549, 553 (Tex. App.—Texarkana 2009, pet. denied) (same). Accordingly, similar to misidentification and due diligence in service, Rule 28 is a claim or defense to the affirmative defense of limitations on which the plaintiff would have the burden of proof at trial.

The Texas Supreme Court has explained the shifting summary judgment burdens when a plaintiff raises a claim or defense in response to the affirmative defense of limitations in the context of a due diligence in service defense. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). "[O]nce a defendant has affirmatively pled the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff to explain the delay." *Id.* (internal quotation marks omitted). "Thus, it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id.* "[I]f the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient." *Id.* Applying these shifting burdens in the context of Rule 28, once a corporate defendant has affirmatively pled the limitations defense and shown it was not sued in its corporate name, the burden shifts to the plaintiff to show the corporate defendant is in fact doing business under the assumed or common name used in the petition. *See Storguard Invs., LLC*, 369 S.W.3d at 617; *Seidler*, 277 S.W.3d at 553. In *Lozano v. Broussard Int'l*, No. 04-09-00047-CV, 2009 WL 3222820 (Tex. App.—San Antonio Oct. 7, 2009, pet. denied), this court applied the shifting burdens in the context of Rule 28.

In *Lozano*, Mike Lozano was injured when he tripped and fell on the upturned edge of a masonite sheet on March 20, 2006. 2009 WL 3222820, at *1. On March 19, 2008, Lozano filed

suit naming Broussard International as the defendant based on his recollection of the company name on the side of the truck used by the workers who had placed the masonite sheet on the floor while moving furniture. *Id*. Lozano then served his petition on an entity entirely unrelated to the correct defendant. *Id*. On June 25, 2008, Lozano served the correct defendant, Bret Broussard, Inc. d/b/a Broussard Group. *Id*. Broussard Group moved for summary judgment asserting a limitations defense which the trial court granted. *Id*.

One of the issues Lozano raised on appeal was that he sued the correct defendant using its common name. *Id*. at \*3. After reviewing the summary judgment evidence and resolving all doubt in Lozano's favor, this court held "the summary judgment evidence fail[ed] to raise a genuine issue of material fact that Broussard International is an assumed or common name for Broussard Group." *Id*. Citing *Proulx*, Lozano also asserted "he was diligent in securing service on Broussard Group so that this service, after limitations had run, should relate back to the date of filing." *Id*. This court rejected Lozano's argument, reasoning:

> Lozano misapplies *Proulx*; there the plaintiff named the *correct* defendant and timely filed suit, but did not serve the defendant until eight months after limitations had run. Here, Lozano filed suit before limitations had run, but failed to use the correct defendant's name, or its assumed or common name. Because Lozano failed to raise a genuine issue of material fact that Broussard International is an assumed or common name for Broussard Group, Lozano cannot use *Proulx*'s diligence provision to relate his date of service on Broussard Group back to his filing date.

*Id*. (internal citations omitted) (emphasis in original).

B.     Due Diligence in Service

"When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion." *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). "If the appellant fails to challenge each ground on which summary judgment could have been granted, we must uphold the summary judgment on

the unchallenged ground." *Ramirez v. First Liberty Ins. Corp.*, 458 S.W.3d 568, 572 (Tex. App.—El Paso 2014, no pet.). Additionally, "[t]he Rules of Appellate Procedure do not allow an appellant to raise an issue in a reply brief which was not included in his original brief." *Moore v. City of Wylie*, 319 S.W.3d 778, 781 (Tex. App.—El Paso 2010, no pet.) (citing TEX. R. APP. P. 38.3); *see also Marquis Acquisitions, Inc. v. Steadfast Ins. Co.*, 409 S.W.3d 808, 816 (Tex. App.—Dallas 2013, no pet.) (holding argument regarding ground to defeat summary judgment was waived when it was not raised in original appellate brief but was first raised in appellant's reply brief); *Lopez v. Montemayor*, 131 S.W.3d 54, 61 (Tex. App.—San Antonio 2003, pet. denied) ("A reply brief is not intended to allow an appellant to raise new issues."). Accordingly, if an appellant fails to challenge a ground for summary judgment in the appellant's brief, the trial court's judgment as to that ground must be affirmed as any complaint regarding that ground has been waived. *See Vidaurri v. Harris*, No. 04-16-00453-CV, 2017 WL 2457079, at *1 (Tex. App.—San Antonio June 7, 2017, no pet.) (mem. op.) ("An appellant's failure to specifically challenge every possible ground for summary judgment waives any error."); *City of Glenn Heights v. Sheffield Dev. Co.*, 55 S.W.3d 158, 163 (Tex. App.—Dallas 2001, pet. denied) (noting "when an appellant does not properly challenge each independent ground asserted for summary judgment as to a claim, the claim will be affirmed").

Although Burt raised due diligence in service as a possible basis for avoiding limitations in his summary judgment response,[3] Burt did not raise any challenge to the trial court's granting

---

[3] We question whether the no evidence motion filed by Denny's, Inc. asserting "there is no credible evidence that Denny's, Inc. was timely sued and served" complies with the specificity requirements of Rule 166a(i). *See* TEX. R. CIV. P. 166a(i). A few of our sister courts have held the lack of specificity can be waived if not raised in the trial court. *See* Timothy Patton, *Summary Judgments in Texas: Practice, Procedure and Review*, § 5.03[2][b] (3rd ed. 2019). Because the Texas Supreme Court has analogized the purpose of Rule 166a(i)'s specificity requirements to the "fair notice" pleading requirement and Burt was able to timely raise his Rule 28 and due diligence defenses in his summary judgment response, we need not address whether the no evidence motion was sufficiently specific or whether Burt waived the specificity requirements. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009).

summary judgment on that basis in his opening brief. Accordingly, he waived any complaint that summary judgment was not proper because he exercised due diligence in serving Denny's, Inc. *See Marquis Acquisitions, Inc*, 409 S.W.3d at 816; *Moore*, 319 S.W.3d at 781; *Lopez*, 131 S.W.3d at 61; TEX. R. APP. P. 38.3.

C.      Rule 28

Turning our attention to Burt's Rule 28 defense, as previously noted, Burt had the burden to raise a genuine issue of material fact that Denny's or Denny's Restaurant is an assumed or common name for Denny's, Inc. To meet this burden, Burt was required to show Denny's, Inc. is in fact doing business under one of those common names. *See Storguard Invs., LLC*, 369 S.W.3d at 617; *Seidler*, 277 S.W.3d at 553. "[A]lthough third parties may commonly and informally use the name of [a] particular premises to refer to the business located at that premises," the informal use of a name by third parties in referring to a business premises, by itself, does not mean the entity operating the business on that premises is doing business using that name. *Storguard Invs., LLC*, 369 S.W.3d at 617; *see also Seidler*, 277 S.W.3d at 553. For example, a common name for an entity used in a property appraisal district's records or an insurance policy is not sufficient to show the entity is in fact doing business under that common name. *See Storguard Invs., LLC*, 369 S.W.3d at 617; *Seidler*, 277 S.W.3d at 554. Whether an entity does business under an assumed or common name is a question of fact. *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003); *Storguard Invs., LLC*, 369 S.W.3d at 617.

The only summary judgment evidence Burt produced to show Denny's or Denny's Restaurant is a common name used by Denny's, Inc. are the letters from the insurance adjuster one of which identified the adjuster's client as "Denny's Restaurant" and both of which concluded

"responsibility for [Burt's] incident does not rest with Denny's Restaurant." Burt also produced the emails referring to "Joseph Burt v. Denny's" in the subject line.

We hold this "isolated use" by a third party insurance adjuster "in such an unclear setting is not sufficient to stand as evidence that [Denny's, Inc.] actually did business in that name." *Seidler*, 277 S.W.3d at 554. The letters are at most "a scintilla that might raise an implication, rather than show a fact." *Id*. And, the emails simply repeatedly refer to the subject initially referenced by the paralegal. Therefore, even resolving doubts in Burt's favor, we hold the summary judgment evidence failed to raise a genuine issue of material fact that Denny's or Denny's Restaurant is an assumed or common name for Denny's, Inc.[4]

D.      Misidentification

"[A] misidentification arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999). "The statute of limitations will be tolled in mis-identification cases if there are two separate, but related, entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004) (per curiam). "But where corporations A and B have 'no business connection or relationship between [them],' the plaintiff's filing suit against A will not toll the running of the statute of limitations against B." *Lozano*, 2009 WL 3222820, at *2 (quoting *Matthews Trucking Co.*, 682 S.W.2d at 239).

Although Burt asserts the misidentification doctrine precluded summary judgment, the burden in the trial court shifted to Burt to raise a genuine issue of material fact that Denny's, Inc.

---

[4] In reviewing a summary judgment, we note that we are unable to take judicial notice of facts that were not presented to the trial court. *See City of Glenn Heights*, 55 S.W.3d at 162-63; *SEI Business Sys., Inc. v. Bank One Tex., N.A.*, 803 S.W.2d 838, 840-41 (Tex. App.—Dallas 1991, no writ).

has a business connection or relationship with the Denny's owned by EYM Diner of Florida, LLC, the entity Burt served with the original petition. *See Proulx*, 235 S.W.3d at 216; *Lozano*, 2009 WL 3222820, at \*4. Burt did not produce any evidence to raise such a genuine issue of material fact. Denny's, Inc., however, produced the affidavit of a senior manager stating Denny's, Inc. has no business relationship with EYM Diner of Florida, LLC. Although Burt argues the statement in the affidavit was conclusory, the senior manager provided the factual basis supporting her statement, noting she relied on her work experience and her review of documents and corporate entity descriptions. *Lowry v. Tarbox*, 537 S.W.3d 599, 619 (Tex. App.—San Antonio 2017, pet. denied) ("A conclusory statement is one that does not provide the underlying facts to support the conclusion."). Given the summary judgment record, we hold Burt "cannot use misidentification's tolling exception — that allows a plaintiff to file an amended *petition* — to relate his untimely *service* on [Denny's, Inc.] back to his timely filing date." *Lozano*, 2009 WL 3222820, at \*4 (emphasis in original).

## CONCLUSION

The trial court's judgment is affirmed.

Irene Rios, Justice