

# NUMBER 13-20-00149-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

SUNDIAL OWNER'S
ASSOCIATION, INC.,                                                      **Appellant,**

**v.**

NUECES COUNTY
APPRAISAL DISTRICT,                                                      **Appellee.**

---

### On appeal from the 117th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Benavides

Since our original memorandum opinion issued, appellant Sundial Owner's

Association, Inc. (SOA) moved for en banc reconsideration challenging this Court's

interpretation of Texas Tax Code § 42.08. *See* TEX. TAX CODE ANN. § 42.08. We vacate

our previous memorandum opinion and judgment of July 22, 2021, and substitute the following. We also dismiss SOA's motion for en banc reconsideration as moot.

By one issue, SOA challenges the trial court's granting of appellee Nueces County Appraisal District (NCAD)'s motion to dismiss its lawsuit. We affirm.

## I.  BACKGROUND

SOA filed suit under Texas Tax Code § 42.01 in 2019, appealing a determination by the Nueces County Appraisal Review Board (NCARB) regarding taxes for particular units of Mustang Towers in Port Aransas, Texas.[1] *See id.* § 42.01. SOA requested that the trial court make a "determination that [NCAD]'s appraised values [were] unequal and [sought] to void the 2019 appraisals and imposition of the 2019 tax liability for [the] units." NCAD answered and entered a general denial to the allegations, a specific denial stating that certain conditions precedent had not been performed to secure jurisdiction in the trial court, and raised affirmative defenses of trial de novo and sovereign immunity. It also filed a motion to dismiss based on the trial court's lack of jurisdiction. NCAD argued that SOA failed to substantially comply with Chapter 42's prepayment requirement–a well-established jurisdictional prerequisite to suit, which requires property owners to pay part of their property taxes by the applicable delinquency date or otherwise forfeit their right to appeal. *See id.* § 42.08.

The trial court held a hearing on NCAD's plea to the jurisdiction on February 28, 2020. During the hearing, SOA admitted that it had not paid any taxes for 2019, which were due before February 1, 2020, but argued that it disputed the total appraised value

---

[1] Of the fifty-six units in the complex, SOA is only challenging the tax appraisals on fifteen of the units: Unit 203, 402, 403, 502, 503, 602, 603, 604, 701, 703, 801, 902, 1002, 1003, and 1402.

and felt that the value for the entire property should have been listed at zero dollars. It said if it disputed the total appraised value, then it did not have to pay any of the taxes to invoke jurisdiction. NCAD responded that the tax appraisal totals are broken into two parts: improvements and real property and contended that even if SOA argued that the actual condominiums were valueless, the beachfront property associated with Mustang Towers was not valued at zero dollars.

SOA claimed the units were uninhabitable since Hurricane Harvey caused damage to them in 2017 and presented evidence in the form of an affidavit from Cheri Sperling, a real estate agent from the local area, who opined that due to the damage from the hurricane, the units had no fair market value to them. NCAD argued that while it agreed that the "value of the improvements is very low," there was "still value in the undivided interest in the real estate and in all of the common areas." The trial court granted NCAD's plea to the jurisdiction. This appeal followed.

## II.    PLEA TO THE JURISDICTION

By its sole issue, SOA argued the trial court erred in granting NCAD's plea to the jurisdiction because it claimed it owed zero dollars in 2019 taxes because the property had no value.

## A.    Standard of Review

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id.*; *see Nueces Cnty. v. Sundial Owner's Ass'n., Inc.*, No. 13-18-00074-CV,

3

2019 WL 1285301, at *1 (Tex. App.—Corpus Christi–Edinburg 2019, no pet.) (mem. op.).

Because it is a jurisdictional prerequisite, a property owner's compliance with § 42.08 may be challenged by a plea to the jurisdiction. *Grimes Cnty. Appraisal Dist.v. Harvey*, 573 S.W.3d 430, 433 (Tex. App.—Houston [1st Dist. 2019, no pet.); *Harris Cnty. Appraisal Dist. v. 4085 Westheimer Holdings, Ltd.*, No. 01-20-00325-CV, 2021 WL 2424927, at *4 (Tex. App.—Houston [1st Dist.] June 15, 2021, no pet. h.) (mem. op.). The district court decides a plea to the jurisdiction by reviewing the pleadings as well as any evidence relating to the jurisdictional inquiry. *Storguard Invs., LLC v. Harris Cnty. Appraisal Dist.*, 369 S.W.3d 605, 610 (Tex. App.—Houston [1st Dist.] 2012, no pet.). If the evidence creates a fact question regarding the jurisdictional issue, then the district court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). If the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the district court rules on the plea to the jurisdiction as a matter of law. *Id.* We review the district court's ruling on the plea de novo, construing the pleadings liberally in favor of the plaintiff while considering the pleader's intent. *See Miranda*, 133 S.W.3d at 226, 228; *Storguard Invs.*, 369 S.W.3d at 610.

## B. Applicable Law

The pendency of an appeal does not affect the delinquency date for the taxes on the property subject to the appeal. TEX. TAX CODE ANN. § 42.08(a).

> A property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal. The amount of taxes

4

the property owner must pay on the property before the delinquency date to comply with this subsection is the lesser of:

> (1)    the amount of taxes due on the portion of the taxable value of the property that is not in dispute;
>
> (2)    the amount of taxes due on the property under the order from which the appeal is taken; or
>
> (3)    the amount of taxes imposed on the property in the preceding tax year.

*Id.* § 42.08(b). Compliance with this statute is a jurisdictional prerequisite to a district court's subject matter jurisdiction to determine a property owner's rights. *See Lawler v. Tarrant Appraisal Dist.*, 855 S.W.2d 269, 271 (Tex. App.—Fort Worth 1993, no writ); *see also Viper S.W.D. v. Jackson Cnty. Appraisal Dist.*, No. 13-16-00631-CV, 2018 WL 1325780, at *2 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) (mem. op.). The prepayment requirement serves two primary objectives: (1) to ensure that property owners do "'not use the right of judicial review as a subterfuge for delaying or avoiding the payment of at least some tax'"; and (2) to "'assure that the activities of local governments which relied on ad valorem taxes [are not] unduly impeded by granting the property owner the right of judicial review.'" *U. Lawrence Boze' & Assocs. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 27 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (quoting *Mo. Pac R.R. Co. v. Dall. Cnty. Appraisal Dist.*, 732 S.W.2d 717, 721 (Tex. App.—Dallas 1987, no writ.)).

## C.    Discussion

As the party seeking dismissal for lack of subject matter jurisdiction, NCAD bore the burden to establish that SOA did not substantially comply with § 42.08. *See Lawler,*

855 S.W.2d at 271. In its motion to dismiss, NCAD attached exhibits to support its contention which included the business records from the Nueces County Tax Assessor–Collector's office. The records showed the taxes due and owing on each of SOA's units from 2015 through 2019, in which no payment was made. In response, SOA submitted as evidence Sperling's affidavit where she discussed time shares,[2] and fair market value, and Sperling reasoned that the units had "no fair market value either as residential units or as income producing properties." Additionally, SOA argued that other court of appeals cases supported its position that it was not required to pay taxes as a prerequisite to jurisdiction.

We disagree with SOA and find those cases distinguishable. SOA cites to *Viper*, a case out of this Court, to support its position. 2018 WL 1325780, at *2. In *Viper*, the trial court found that the taxes due by Viper were zero because it had been recently added to the tax rolls of the county and therefore, owed nothing for the previous tax years. Here, SOA was on the tax rolls from at least 2015 through 2019 and had made no payments on its owed taxes in that time frame.

SOA also cites to the previous case it was involved in before this Court, *Nueces County v. Sundial Owner's Association, Inc.,* 2019 WL 1285301, at *1, and asserted that this Court held that SOA "was not required to pay any portion of the taxes in dispute." However, the previous SOA case dealt with §§ 31.11 and 41.411 of the tax code regarding refunds of overpayments or erroneous payments and failure to give notice, not § 42.08. *See* TEX. TAX CODE ANN. §§ 31.11 (refunds of overpayments or erroneous payments),

---

[2] The units at issue in this appeal are all owned by SOA and rented out as time share properties.

6

41.411 (protest of failure to give notice), 42.08. Both of the cases SOA primarily relies on dealt with different circumstances than we are faced with here.

Even if the trial court accepted as true that the units were uninhabitable due to hurricane damage, SOA did not present evidence to raise a fact issue regarding the real property value and the taxes owed on it.[3] *See Miranda*, 133 S.W.3d at 228. Although SOA claims it challenged the entire amount of taxes owed, the Sperling affidavit it relied on made no reference to the beachfront land.[4] SOA admitted it did not pay any of the taxes owed in 2019, and therefore, did not pay the portion of the taxes not in dispute. *See* TEX. TAX CODE ANN. § 42.08(b)(1). By not paying the undisputed tax amount for the land, SOA failed to meet the jurisdictional prerequisite under § 42.08. *See id.* § 42.08. The trial court did not err and properly granted the plea to the jurisdiction. We overrule SOA's sole issue.

### III.    CONCLUSION

We affirm the trial court's ruling.

GINA M. BENAVIDES
Justice

Delivered and filed on the
9th day of September, 2021.

---

[3] Although SOA made reference to a negative property value of the units if demolished during the plea to the jurisdiction hearing, no evidence was submitted to the trial court supporting such an argument.

[4] NCAD explained how it determined taxes for property throughout Nueces County in the hearing and therefore, why even if the condominums were uninhabitable, the land still had value.

7